CHAMPION J. HUTCHINSON and ALEXANDER H. PETERS, *Plaintiffs in Error*,

*vs.*

ROBERT G. McCLELLAN, *Defendant in Error*.

ERROR TO RACINE CIRCUIT COURT.

The positive provisions of the statute in regard to practice are inflexible, and must be strictly complied with.

The party must place himself right upon the record ; and, unless his proceedings appear upon the record to be in conformity with the law under which he claims, his judgment cannot stand.

In replevin, under section 13, chapter 119, of the Revised Statutes, it is the duty of the sheriff to return his writ immediately after the service thereof.

The plaintiff in replevin is bound to take notice of the actual return of the writ, and to declare within ten days after such actual return.

Where the writ of replevin was returned on the 25th day of February, and the declaration was not filed until the 8th day of March following, more than ten days having intervened, and no service of a copy of any declaration until the 12th day of November, when a copy of an amended declaration was served ; neither the filing nor the service being in conformity with the statute, and the error being apparent on the face of the record, the rendition of final judgment, upon default of the defendant, is erroneous.

The plaintiff, taking a judgment in replevin, must conform his own proceedings to the statute, and when his judgment is questioned, must produce a record showing such conformity.

Whatever may be the return day mentioned in the writ, the officer is bound to return it immediately after its service.

The statement of this case is fully given in the opinion of the court, and it is not deemed necessary to repeat it.

*F. S. Lovell*, for plaintiffs in error.

The plaintiff below should have filed his declaration and served a copy within ten days after the return of the writ of replevin. *Rev. Stat. page* 613.

B

# 18                        WISCONSIN REPORTS.

The statute provides for the trial of the cause at
the first term, and in order that the cause may be
ready for trial, directs that the sheriff return his
writ immediately after its service. *Rev. Stat. chap.*
119, *sec.* 18. And also that the plaintiff shall declare
and serve a copy within ten days after the *return* of
the writ.

The time for declaring and serving a copy being
fixed by statute, it must be strictly observed. The
court, even upon application in term, cannot enlarge
the time for declaring in such case. *Jackson vs.
Wiseburn*, 5 *Wendell's Rep.* 136.

*J. W. Cary*, for defendant in error, argued the fol-
lowing points: 1st. A writ of replevin, like all
other writs, can only be returned on or before the
return day therein mentioned. *R. S.* 611–12 ; 3
*Caine's R.* 97 ; *Graham's Practice.*

2d. If it is to be considered returned before the
return day, on being deposited in the clerk's office,
still a failure to declare as required by the statute,
will not work a discontinuance of the writ. The par-
ty is liable to be defaulted, and until defaulted, the
omission may be supplied by declaring as in other
cases.

*By the Court*, Smith, J. This was an action of re-
plevin commenced in the Circuit Court of Racine
county, by writ issued the 19th day of February, A.
D. 1850, for a quantity of lumber of about the value
of $350, which was alleged by the plaintiff below,
now defendant in error, to have been unjustly taken,
and unjustly detained by the defendants below, now
plaintiffs in error.

On the 25th day of February, A. D. 1850, the cor- DEC. TERM 1853. oner, (the plaintiff being sheriff of the county,) re- turned the writ into the office of the clerk of the Hutchinson & Peters vs. McClellan. court, with his return of service endorsed thereon, from which it appeared that the goods were replevied by virtue of the writ, by the coroner, on the 20th day of February, 1850, and that the defendants were summoned on the 22d day of February, 1850 ; and that the service and return were complete in all re- spects.

On the 9th day of March, 1850, the plaintiff, by his attorney, filed his declaration, and on the 12th of November following, filed an amended declaration in the same cause. Afterwards, on the 15th day of April, 1851, the attorney for the plaintiff below filed his affidavit, stating that he served on the attorney of the defendants below a copy of the amended de- claration, on or about the 12th day of November, 1850 ; and that on the said copy was endorsed a no- tice requiring him to plead to the said amended de- claration within twenty days after such service.

On the same 15th day of April, 1851, a rule was entered in the common rule book for judgment inter- locutory by default, and an order for a writ of inquiry, to assess the damages, and the value of the property.

On the 24th of April the writ of inquiry was is- sued, and on the 26th was returned, with an assess- ment of damages to the plaintiff for detention, $60, and the value of the property at $399.42. On the same day a rule was entered on motion of the defend- ant in said court, confirming the return to said writ of inquiry, and for final judgment for the value of said property, and damages and costs in favor of the plaintiff below, and final judgment was entered accord- ingly.

Dec. Term
1853.

Hutchinson
& Peters
vs.
McClellan.

Several errors are assigned in the record in this case, but the only ones which it is deemed necessary to notice are the following :

"No declaration was filed in said cause within ten days after the return of the writ of replevin."

"No declaration was served within ten days upon the said plaintiffs in error, nor upon their agent or attorney."

Upon the points here assigned for error, the statute appears to be conclusive. Section 13 of chapter 119 provides that "the sheriff shall return the writ immediately after the service thereof." Section 16 provides that "the plaintiff shall declare within ten days after the return of the writ, and shall serve a copy of the declaration upon the defendant, his agent or attorney, if to be found ;" and section 19 provides that "all actions of replevin shall be for trial at the first term after the commencement thereof, and shall not be continued on the part of the plaintiff, except for the same causes required to be shown for a second continuance in other cases," &c.

These positive provisions of the statute are inflexible. The plaintiff must place himself right upon the record. Unless his proceedings appear upon the record to be in conformity with the law under which he has proceeded, and under which he claims, his judgment cannot stand. It is evidently the design of the statute to urge the plaintiff in replevin to a speedy trial. The remedy is a violent one. By the mere affidavit of the plaintiff he takes the property out of the possession of the defendant, and he should not be suffered to delay the final determination of the right of property or possession. Hence the stringent pro-

visions before referred to, and we can see no way but to require a strict compliance with them.

The writ was returned in this case on the 25th of February, and the declaration was not filed until the 8th of March; more than ten days having intervened, and no service of a copy of any declaration until the 12th of November, 1850, when a copy of an amended declaration was served. Neither the filing, nor the service by the plaintiff below, was in conformity with the statute, and the error being apparent upon the face of the record, the rendition of the final judgment is erroneous.

It is immaterial what return day is mentioned in the writ. The officer is bound to return it immediately after its service, and the plaintiff is bound to know when it is actually returned. Nor is the defendant bound to make entry or note of the neglect of the plaintiff to file his declaration within the time required; but the plaintiff must conform to the statute, and produce a record showing such conformity.

It is probable that the attention of the court below was not called to facts in this case, but the judgment is nevertheless erroneous, and must be reversed with costs.