McCormick vs. Ketchum.

McCORMICK vs. KETCHUM.

*February 24 — March 9, 1880.*

PRACTICE: TRIAL: APPEAL: CHARGE. *(1) Waiver of objection to jury trial. (2) Presumption in favor of judgment. (3) What constitutes the charge to the jury.*

RIGHT OF RECOVERY: EVIDENCE. *(4, 5) What facts will not defeat a recovery for services. (6) Rebutting evidence.*

1. Where the cause was submitted to a jury, and all the issues determined by it, without objection, it is too late to object, upon appeal, that upon the case made by the pleadings the court should have adjudged an *accounting.*

2. Where the bill of exceptions is not stated therein to contain all the evidence, this court must presume that every fact necessary to support the verdict and judgment was duly proven.

3. A casual remark made by the judge in ruling upon the admissibility of evidence, and not objected to at the time, cannot be reviewed as a part of the charge to the jury.

4. A person employed to keep the account books of another may recover the balance due for his services upon other proof thereof, although the books were so negligently and unskillfully kept as not to show the state of the accounts between the parties.

5. The fact that plaintiff was negligent and unskillful in his employment will not prevent his recovering what his services were really worth.

6. After evidence introduced by defendant to show plaintiff's negligence and want of skill in his employment, it was competent for plaintiff, in rebuttal, to introduce testimony that he was competent or qualified for the employment, or that he was skillful, faithful and serviceable therein.

APPEAL from the Circuit Court for *Waupaca* County.

Defendant appealed from a judgment in favor of the plaintiff.

The appeal was submitted on the brief of *G. W. Cate*, of counsel, for the appellant, and that of *Webb & Cochran* for the respondent.

ORTON, J.  The complaint is for work and labor, and for money paid and expended.  The answer sets up that the plaintiff was unskillful, and that his services were valueless; that he had received certain payments; and that his conduct in the business of his employment was such that the defendant suffered damage, which, by an amendment of the answer, is alleged to be the sum of $3,500, and is stated as a counterclaim; and the answer prays for an accounting by the plaintiff.

The appellant claims here that the circuit court erred in not adjudging such an accounting.  Whether this is a proper case for an accounting by either party, we do not decide.  The cause having been submitted to and tried by a jury, and all of the matters in controversy by the pleadings having been fully considered and passed upon by the jury, without any objection on the part of the appellant, this objection to the verdict and judgment must be deemed to have been waived.  *Leonard v. Rogan et al.*, 20 Wis., 540.

All questions raised as to the effect of the evidence, as supporting the verdict or otherwise, and so fully and ably discussed by the learned counsel on both sides, cannot be con-

sidered, because "the bill of exceptions does not purport to contain all of the testimony; and, in the absence of a statement therein to that effect, we must presume, in support of the verdict and judgment, that every fact which was essential to a recovery by the plaintiff, was duly proved on the trial. This rule is too well settled to require the citation of authorities to sustain it." This extract is taken from the opinion of Mr. Justice Lyon, in the case of *Conklin v. Hawthorn et al.*, 29 Wis., 476, and renders another or new decision of the question unnecessary.

The casual remark of the learned judge, on the trial, in ruling upon the admissibility in evidence of the Arcadia yard books kept by one Hollenbeck, and the Whitehall books kept by one Earl, is excepted to, as a part of the charge of the court to the jury, and was not objected to at the time, so far as the printed case shows. This practice cannot be sanctioned; but it is sufficient to say that the remark of the judge in respect to these books, that "they don't affect the plaintiff one whit," appears to have been strictly correct; for the books, as such, had not been verified by those who kept them.

The instruction asked by the learned counsel of the appellant, the refusal of which is assigned as error, was as follows: "If the jury find from the evidence that the services of the plaintiff in keeping the books of the defendant were negligently and unskillfully performed, by failing to keep the same in such a manner as to show the true state of accounts therein pretended to be kept, and entered therein, in such case he is not entitled to recover at all." This instruction is somewhat obscure; but the court seemed to understand it to mean, and we think correctly, that if the plaintiff, in keeping the books, was so negligent and unskillful that the state of the accounts between the parties could not be ascertained from the books, then the plaintiff could recover nothing for his services. In this view the instruction was clearly incorrect, for it ignored all other evidence of the plaintiff's services and their value.

But if the meaning of the instruction was, that if the plaintiff was negligent and unskillful in his employment he could recover nothing for his services, because he had not fully performed his contract of employment, it was equally erroneous. In such a case the plaintiff would be entitled to recover what his services were reasonably worth, so long as the appellant allowed him to continue in his employment. This action is brought in the *quantum meruit,* and the court in the general charge stated the true equitable rule in such a case: "If the plaintiff's services were worthless, or of no value, he is not entitled to recover anything, but if they are of value, he is entitled to recover that value." *Cole et al. v. Clarke,* 3 Wis., 323; *Taylor v. Williams,* 6 Wis., 363; *Jackson et al. v. Cleveland,* 15 Wis., 108.

Exception was taken to the question, "State whether the plaintiff was a valuable man to the defendant for the employment in which he was engaged." The question was clearly proper, as understood and explained by the court, as meaning whether the plaintiff was *competent* or *qualified* for the business in which he was engaged. Or, if understood as meaning whether the plaintiff was skillful, faithful or serviceable in such employment, it is not perceived why the question was not a proper one to rebut the attempted proof of the plaintiff's negligence and want of skill in his employment.

This cause, both in the pleadings and proofs, was difficult and complicated in the extreme, and not easily or very satisfactorily tried with a jury; and we think the circuit court was remarkably judicious in its conduct and rulings.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.