Wooster and wife, Respondents, vs. Weyh, imp.,
Appellant.

*October 11—November 8, 1927.*

*Fraud: Assignor of mortgage failing to state that part of lands
had been released from mortgage lien: Representations con-
veyed by documents assigning mortgage: Reliance by assignee:
Right to jury trial: How waived: Measure of damages.*

1. An amended complaint, supplemental to the sale and the de-
ficiency judgment rendered in a foreclosure action, which
alleged that the defendant, who had assigned the mortgage to
the plaintiffs by an instrument clearly indicating that all
of the lands described in the mortgage were covered by
the assignment, had concealed the fact that part of the land
conveyed had been sold and released from the lien of the
mortgage, and that plaintiffs did not know of such fact at
the commencement of the action, and that but for the fraud
plaintiffs would not have purchased the note and mortgage,
states a cause of action for fraud. p. 89.

2. The assignee of a mortgage, dealing at arm's length with
the assignor, was not required to question the good faith of
representations conveyed by indorsements on the note and
recitals in the abstract of title and assignment to the effect
that the mortgage assigned covered all the land originally
mortgaged. p. 91.

3. The fact that the mortgagee indorsed the mortgage note with-
out recourse did not place the duty on the assignee to suspect
that there was a concealment of the fact that part of the
land mortgaged had been sold and released from the mortgage,
or that there was misrepresentation regarding it. p. 91.

4. Where defendant proceeded to trial without suggesting that
a trial by jury was desired or demanded, his right on such
issue was waived. p. 91.

5. The measure of plaintiffs' damage was only the value of the
land released from the mortgage, and not the full amount of
the deficiency judgment in the foreclosure proceedings less
the amount paid by others for a highway across the land.
p. 92.

Appeal from a judgment of the circuit court for Colum-
bia county: Chester A. Fowler, Circuit Judge. *Affirmed.*

Action to foreclose a mortgage and to recover damages
for fraud in connection with its sale.

March 1, 1921, defendant Koehn, in his purchase of the property, gave a $10,000 note to appellant *Weyh,* and secured it by a mortgage (recorded March 2d) on a farm of about 300 acres in said county. March 14th the abstract of title of said farm was last extended and recited said mortgage.

On March 31, 1921, thirty acres of said farm were sold by Koehn to one Dryer for $1,400, and in consideration of the payment to him of $500 *Weyh* released the thirty acres from the lien of the mortgage, the release being recorded April 2, 1921. Koehn failed to pay the interest due on said note in March, 1922 and 1923, but gave *Weyh* chattel-mortgage security on account thereof, although indorsements were made on the back of the note as of regular payments.

In October, 1923, *Weyh* being then insistent upon something being done in the matter, Koehn met the plaintiff *Allie T. Wooster,* then a stranger to *Weyh,* but a man with some business experience, and induced him to purchase for $8,900 a stated and agreed balance of $9,000 on said $10,000 note and mortgage. *Weyh* and Koehn had then agreed that there should be indorsed on said note a payment of $1,000 on the principal; that the $500 paid at the time of the release of the thirty acres should be considered as a payment on the interest instead of on the principal; and that upon the purchase by the plaintiff for $9,000, less $100 or $200 as commission or bonus, Koehn should then execute a second note and mortgage to *Weyh* for $2,000, which amount included the above mentioned $1,000 and various items of unpaid interest.

The three met at a Portage bank after the usual business hours, plaintiff making his check on October 6, 1923, for $8,900, which was to be held at the bank until the completion of the assignment of the mortgage and then deposited, as it was, on October 8th to *Weyh's* credit.

On October 8th the said second mortgage for $2,000 was made.

The written assignment of note and mortgage on October 6th by *Weyh* to plaintiff described the mortgage of March 1, 1921, and recited that there was thereby assigned the "note and all the right, title, and interest conveyed by said mortgage, in and to said lands;" also that the plaintiffs "were to have and to hold said note and mortgage, and the debt thereby secured, and all right, title, and interest conveyed by said mortgage, in and to the lands therein described," etc. It also covenanted that there was owing and unpaid $9,000 of the principal as well as interest from October 1, 1923.

In April, 1924, Koehn received $1,000 for the release by him of a certain strip across the farm for highway purposes. The highway authorities being made parties in this action, the judgment provided, upon issues framed and not now here material, for the payment to plaintiffs of said sum of $1,000.

The $10,000 note when delivered to the plaintiff was indorsed "without recourse" by defendant *Weyh.*

The usual form of foreclosure action was commenced on June 25, 1924. In May, 1925, defendant *Weyh* then being in default, as of record, an order of foreclosure and for sale of the premises for the amount then found due for principal and interest of $9,434.51 was made, expressly reserving, however, at that time, any and all other questions or issues until after sale and a determination whether or not there would be a deficiency. An interlocutory judgment was entered June 6, 1925.

A sale was had November 20, 1926, the plaintiff being the best and highest bidder and for $7,500.

There was subsequently found, after crediting amounts that had been obtained through receivership proceedings, a deficiency of $2,749.15, for which amount an execution was duly issued January 4, 1927, against the defendant Koehn, but nothing was collected thereon.

Thereafter and in January, 1927, the plaintiffs, husband

and wife, by supplemental and amended complaint, in addition to the now immaterial questions concerning the $1,000 payment for highway purposes, and other matters also not now material, recited the above mentioned sale of the thirty acres to Dryer, and that, at the time of the purchase by the plaintiff, October 6, 1923, of the said note and mortgage, the defendant *Weyh* withheld or concealed from plaintiffs the fact of said sale to Dryer and the release of the thirty acres from the lien of the mortgage; the delivery to the plaintiffs of the abstract of title containing no reference to such release; and that plaintiffs had not known of such facts at the time of the commencement of this action, and that but for the fraud plaintiffs would not have purchased said note and mortgage. It was further alleged that plaintiffs were thereby damaged in the aforesaid sum of $2,749.15.

Appellant *Weyh* answered, and by a general denial raised an issue on the question of fraud.

The case was tried by the court, no demand in any form having been made for a jury trial. After a hearing the court in substance found, as to the transaction between appellant *Weyh* and the plaintiff *Allie T. Wooster,* the facts substantially as stated above and that plaintiff purchased the note and mortgage with the understanding that $1,000 in money and all due interest had in fact been paid in money, and that plaintiff relied thereon and was thereby induced to purchase the note; that defendant *Weyh* purposely and fraudulently withheld from plaintiff the fact that the thirty acres had been conveyed and released; that the value of said mortgage as security was reduced in the amount of $1,400 by such conveyance and release (it being stipulated that "for the purpose of this appeal the value of said thirty acres shall be considered as $1,400").

Judgment was directed against the defendant *Weyh* for $1,400, with interest and costs subsequent to foreclosure.

Defendant *Weyh* appeals from that part of the judgment.

The plaintiffs seek to review so much of the judgment as denies to them more than said $1,400.

*H. B. Rogers* of Portage, for the appellant.

For the respondents there was a brief by *Bogue & Sanderson* of Portage, and oral argument by *David Bogue*.

ESCHWEILER, J. Appellant *Weyh* contends in substance that his demurrer *ore tenus* to the amended complaint should have been sustained; that the court erred in finding fraud in the sale of the note and mortgage; in finding that the plaintiff *Allie T. Wooster* used due care on his part; and in refusing to receive certain evidence. He also suggests that he was denied the right to trial by jury.

We find no merit in the first ground here urged, namely, that the complaint fails to state a cause of action for fraud, or that it disclosed such a prior election of remedy that the plaintiff could not resort to his present claim for damages for fraud, or that it showed affirmatively that there was no damage to plaintiffs for which a recovery could be had. Such several objections are all untenable and not necessary for more detailed discussion here. The amended complaint was not interposed until after a sale of the property on foreclosure, the entry of a deficiency judgment, a futile attempt to collect from the mortgagor, and no other means of redress apparent. *Stephens v. Wheeler,* 193 Wis. 164, 213 N. W. 464.

The arguments made that there was no actionable fraud committed by defendant towards plaintiffs in the transaction and that the plaintiff *Allie T. Wooster,* who alone acted and for himself and wife, did not exercise the degree of care the law requires of a person so situated and dealing at arm's length with the appellant, may be considered together.

The testimony is not very clear and definite as to any precise representations made and precise reliance placed thereon by plaintiff in the transaction of October 6th.

The following significant, and we deem controlling, facts do, however, appear beyond dispute, namely: that the abstract of title submitted, although it had not been extended beyond March 14, 1921, being prior to the release of the thirty acres, disclosed that the mortgage covered a farm of about 300 acres; the written assignment of the mortgage, the language of which is above set forth, clearly amounted to a representation, as a matter of fact, that the land covered by the original mortgage was identical with that which plaintiff would naturally, and could properly, understand to be included in the security covered by the mortgage as then being assigned to him. This assignment clearly carries the idea from its language that *all* and not a part only of the right, title, and interest conveyed by the original mortgage in and to the lands described therein was then and there being assigned to the plaintiffs. This was strengthened by the express covenant in such assignment that said *Weyh* has good right to assign the *said* note and *mortgage.*

While it is true that it would have been far better business precaution for the plaintiff, upon examining the abstract and learning therefrom the long period that had elapsed since its last entry, to have insisted that it should be carried down to date before being relied upon as an assurance of then complete title, yet the assignment itself, speaking as it did in the present tense and of the very date of the transaction, was an explicit statement as of a matter of fact as to the security being then, as before, on the entire property described in the mortgage, so that such situation, with all the attendant facts, presented a matter much more properly to be disposed of by a trial court, with the witnesses in person before him, than it can be by us upon the mere printed page, that we are not at all disposed to overturn the conclusion reached by the trial court. Especially is this so when no excuse is offered by *Weyh* other than that he didn't know that plaintiff didn't know, for his silence on these features or any explanation, such as possible forgetfulness on his part

of having executed the release of the thirty acres and receiving the $500 therefor, or of his further failure to disclose the fact that the ostensible payments of interest indorsed on the note had as a matter of fact not been made, and that which appeared on its face to be an obligation lived up to the letter by the maker, as a matter of fact was far different. His silence as to such matters could properly be considered as an indorsement of that which was represented by the writings and that they might be taken at their face value.

We know of no rule of law that requires one, even when dealing at arm's length with another, to question the honesty and good faith of such solemn representations as to important material facts as were in effect conveyed by the indorsements on the note and the recitals in the abstract and assignment.

That the note was indorsed without recourse by appellant *Weyh,* a circumstance much dwelt upon on this appeal, we do not consider of weight. His desire to avoid personal liability as indorser of such an obligation is far from being sufficient to place the duty on the one with whom he is dealing to suspect that there is concealment of material facts or misrepresentation concerning them.

We are satisfied, therefore, that there was sufficient to justify the conclusion reached by the trial court that there was such a species of fraud by reason of the concealment of material facts and the misrepresentation as to the actual facts embodied in the written assignment itself and alone as to fully support his conclusion that the plaintiffs are entitled to the damages allowed.

Appellant further urges that he was deprived of his right of trial by jury on the issue of fraud. The right he had to such trial by jury was one that may be waived. *Leonard v. Rogan,* 20 Wis. 540, 543; *Charles Baumbach Co. v. Hobkirk,* 104 Wis. 488, 493, 80 N. W. 740. It was clearly waived in this case by appellant proceeding to trial without in any manner calling the matter to the attention of the

court or suggesting that a trial by jury on this issue was desired or demanded. He certainly ought not now to be heard to urge as grounds for reversal of this judgment that which he could so easily have asserted at the proper time and which he so plainly neglected or did not desire then to present and urge.

On plaintiffs' motion to review, under which it is claimed that the trial court, having found that there was fraud, should have awarded as damages $349.15 more than the $1,400, namely, the full amount of the deficiency judgment of $2,749.15 (less the $1,000 to be paid by others for the highway), we are satisfied that the trial court was clearly right in disposing of this feature of the case as he did. There was no showing made in the record upon which the court could allow other damages than the $1,400.

The record discloses no error in rulings on offers of evidence.

*By the Court.*—Judgment affirmed in all things, plaintiffs to have costs in this court.