### IN RE PETITION OF DOAR.

*November 20—December 4; 1945.*

114

PER CURIAM. · On June 15, 1943, the advisory committee [1] recommended that the court amend sec. 270.32, Stats. This

[1] The advisory committee was created by sec. 2, ch. 404, Laws of 1929, which provides that . . . "The attorney general of Wisconsin, the revisor of statutes, the chairmen of the judiciary committees of the senate and of the assembly, a member of the board of circuit judges, and a member of the board of county judges, selected by those boards annually, the president of the Wisconsin State Bar Association and three members of the said bar association, elected by said association annually, shall constitute an advisory committee whose duty it shall be to observe and to study the administration of justice in the courts of Wisconsin and to advise the supreme

section promulgated by this court on January 1, 1936, read as follows:

"Trial by jury may be waived by the several parties to an issue of fact by failing to appear at the trial; or by written consent filed with the clerk; or by consent in open court, entered in the minutes."

The rule recommended by the committee is as follows:

"Rule (section) 270.32   JURY TRIAL.   (1) *Demand for jury.*   (a) Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties and filing with the court a demand therefor in writing at any time after the commencement thereof and not later than ten days after the service of the last pleading directed to such issue. Such demand may be indorsed upon or inserted in a pleading of the party.

"(b)  In any case brought to a court of record by appeal or for a review, the appellant or his counsel shall give immediate notice to all parties or their attorneys of the filing of the appeal or review record.   This filing date shall be considered for the purposes of demanding a jury trial, as the date of service of the last pleading.

"(2) *Specification of issues.*   In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable.   If he demanded trial by jury for only some of the issues, any other party, within ten days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of such issues.

"(3) *Waiver of jury.*   The failure of a party to serve and file a demand therefor constitutes a waiver by him of trial by jury.   A demand for trial by jury made as herein provided cannot be withdrawn without the consent of the parties.

"(4) *Trial by jury.*   The trial of issues so demanded shall be by jury, unless the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or the court finds that a

court from time to time as to changes in rules of pleading, practice and procedure which will, in its judgment, simplify procedure and promote the speedy determination of litigation upon its merits. . . . "

right of trial by jury of some or all of those issues does not exist.

"(5) *Trial by court.* Issues not demanded for trial by jury shall be tried by the court but, notwithstanding the failure of a party to demand a jury in an action or special proceeding in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

The recommendation by the committee that the foregoing rule be adopted was made to this court in 1936 and 1937, but no action was taken upon this recommendation. In 1943, however, enactment of the rule was again recommended and the customary notice of public hearing given as required by ch. 404, Laws of 1929, now sec. 251.18, Stats. There were no appearances in this court in opposition to the proposed rule and after further consideration and study the court promulgated the rule. In its report[2] to this court, the advisory com-

[2] In its report the advisory committee submitted the following comment:

"Except in circuit courts, the Wisconsin rule is to the effect that a party waives a jury trial in a civil action unless he demands a jury. . . .

"On December 20, 1937, the supreme court of the United States adopted rules of civil procedure for the district courts of the United States. Those rules were inferentially approved by congress. Rule 38 deals with 'Jury trials of right.' Hence in Wisconsin there is no jury trial in civil cases in United States district courts unless a jury is demanded. Failure to demand a jury constitutes a waiver of the right to a jury trial. The recommended revision of 270.32, Wisconsin statutes, embodies the substance of Federal Rule 38 and Rule 39 as to waiver of a jury trial. That rule may fairly be called the general rule:

"1. It was always the rule in justice court. To have a jury trial there a party must demand a jury and *must deposit $12* (302.04, 307.02). Jury trials in justice court are rare—no one seems to think the service of a jury in justice court is worth a $12 gamble.

"2. To obtain a jury in probate proceedings, in county court, a jury must be demanded and $10 must be paid into the county treasury (324.17). Jury trials there are almost unknown. Probably no jury trial has been held in the Dane county court since the present courthouse was built (1885). There is no jury box in the courtroom.

"3. Forty-two county courts have civil jurisdiction conferred by special acts. In forty of those courts, no jury trial is had unless it is demanded, and in fifteen of those courts the party making the demand

mittee gave reasons for adopting the rule which may thus be summarized:

(1) That in all courts in Wisconsin, except the circuit court, a party waives a jury trial in a civil action unless he demands a jury;

(2) That the rules adopted in 1937 by the supreme court of the United States require a demand for jury, and that citizens of Wisconsin having litigation in the United States courts in this state are required to demand a jury;

(3) That a substantial economy will result from apprising a judge in advance of the number of cases which are to be tried by juries in order that the expense of calling a jury may be avoided whenever possible.

During the past year intimations in the public press and a resolution by at least one bar association raised a question whether this rule did not put an undue procedural burden upon the constitutional right of trial by jury and whether in any case the rule would in practice accomplish its intended purpose of procedural economy and acceleration. The petition of Mr.

must make a deposit ranging from $6 to $12. The bar of those counties and the promoters generally of this extra civil jurisdiction must have approved the rule as to waiver of a jury,—otherwise the rule would not have been in these bills; and the legislature by enacting the bills approved that rule.

"4. The waiver rule obtains in the civil court of Milwaukee county. A demand for a jury is required and a deposit of $6 for six jurors and $12 for twelve jurors must be made to save the right to trial by jury (sec. 19, ch. 549, Laws 1909).

"5. The charters of the thirty-six municipal courts in Wisconsin have been examined as to jury trials and waivers thereof. In twenty-nine of them the jury is always waived unless demanded; twenty-four of them require a deposit of $12, and three require a smaller deposit. There are only three (out of thirty-six) municipal courts which do not in any case require a demand for a jury.

"6. An action by a tax-deed grantee is 'tried by the court . . . unless a party . . . shall demand a trial by jury' (75.46). A jury must be demanded in illegitimacy proceedings (166.10). Even ejectment may be tried by the court (281.01, *Doherty v. Rice*, 240 Wis. 389).

"7. In sixteen states a jury trial depends upon a demand.

"8. The following resolution, presented by Judge Parker, was adopted by the house of delegates of the American Bar Association:

"'Resolved: That to expedite the trial of causes and conserve manpower during the war period, it is earnestly recommended to the

Doar has in accordance with the rules brought these matters to the attention of this court. Arguments for and against the rule were made at a public hearing, and these arguments restated and supplemented by briefs on behalf of Messrs. Doar and Ryan and a brief *amicus curiæ* by Mr. Daniel Grady. Upon the argument the claim occasionally made heretofore that the rule operated unduly to restrict or burden the constitutional right to a jury trial was not pressed. Indeed, it would be difficult to maintain such an argument, since under the rule all that a party needs to do to get a jury trial is to ask for it, and since the rule further provides that if he does not ask for it at the proper time, he may renew his request later and the court may disregard the waiver and call in a jury. The latter provision leaves virtually nothing even of the contention that a party who wants a jury trial may occasionally be deprived of it by the negligence of his counsel.

About the only case in which a jury trial might be denied would be the rare instance in which the trial judge could see that the belated request for a jury trial was made solely for the purpose of delay or as a part of other improper tactics in

bench and bar of the country, that pretrial practice, as prescribed by Federal Rule 16, which covers a power inherent without statute in all courts, be followed in all civil cases pending in state or federal courts as mandatory procedure under rule of court, and that, when practicable, jury trial be waived and issues of fact as well as of law be heard by the trial judge.' (See bulletin of the Special Committee on Improving the Administration of Justice, Vol. 3, No. 1, Oct. 14, 1942.)

"9. The new federal rules are modern and are the pattern for court procedure in all the states, especially in the code states. Wisconsin rules are much like the federal.

"10. The official comment appended to Federal Rule 38 is most persuasive. Here it is:

" 'This rule provides for 'the preservation of the constitutional right of trial by jury as directed in the enabling act (Act of June 19, 1934, 48 Stat. 1064, U. S. C., title 28, sec. 723c), and it and the next rule make definite provision for claim and waiver of jury trial, following the method used in many American states and in England and the British Dominions." (Citing statutes of the following states: Illinois, Tennessee, Wyoming, Connecticut, Massachusetts, Michigan, Arizona, California, Iowa, Nevada, New Mexico, New York, Utah, Washington, England, and the Dominions.)

connection with the cause. Further discussion of this point is reserved to another part of the opinion because, while it is demonstrated that there is nothing to the contention that the rule has any tendency to deprive litigants of jury trial, a weakness of the rule in practical effect is disclosed which calls for its abrogation.

Coming to the practical working of the rule, the showing made at the hearing persuades us that it will not accomplish the results hoped for by the advisory committee. A large majority of circuit judges and experienced trial lawyers are opposed to the rule, not because of any tendency to deprive parties of their right to a jury trial, but because the rule will have no appreciable effect in promoting the orderly or economical disposal of cases. It appears that the practice of lawyers has already become established to put a demand for a jury trial in all pleadings without regard to the appropriateness of the case for a jury trial, leaving to a later ruling of the court or a stipulation of the parties the final determination whether the case will be tried by the court or by a jury. Such practice, while a compliance with the rule, makes impossible the accomplishment of its purpose because the ultimate waiver will not come at such a time as will enable a trial judge to accomplish the desired economies by omitting to call a jury.

The other difficulty with the rule, as it now appears to us, is that since it is within the discretion of the trial court to order a jury trial in spite of a failure to comply with the requirements of the rule, the rule has no important sanctions to give it force as a useful procedural rule. It is inevitable, since the extent of the trial court's discretion is not defined, that trial judges, in the face of a belated demand for a jury not made for purposes of delay may generally with propriety and certainly without abuse of discretion order a jury regardless of the derelictions of counsel in demanding it.

For the foregoing reasons, we are now satisfied that the rule will not produce the economies that it was designed to produce, or contribute to the orderly and expeditious trial of

cases even if literally complied with. It is desirable, where practicable, to conform to federal practice and to the practice in all courts of the state other than the circuit courts, but we consider that that does not justify us in retaining a rule which for reasons heretofore canvassed will not as promulgated accomplish any appreciable improvements in procedure. Had this been clear to us by a showing made upon the public hearing preceding enactment of this rule, it would not have been adopted. Perhaps a showing of any value could not have been made until there had been an attempt to use the rule in practice. However, that leads us to make one or two observations concerning the exercise of the rule-making power.

For years, the bench and bar have been the subject of criticism by the public generally because rules of procedure were not so simplified as to make trials fair, expeditious, and inexpensive. The rules of court represent a response to that demand. In view of the fact that members of this court are not engaged in private practice, an advisory committee, consisting largely of lawyers who are in intimate touch with trial matters, either as judges or as practicing lawyers, is set up to make procedural recommendations to this court. The advisory committee over the years has given excellent service and many useful procedural changes have been the result of its labors. In several instances this court has declined to follow the recommendations of the advisory committee, but in the vast majority of them it has relied upon the experience of the committee and has enacted them to the improvement of procedure generally. It is not always possible for the committee or for this court to predict infallibly the effect of a new rule of procedure, and it is of the essence of the rule-making power that it is flexible and that rules be dropped whenever it appears that they are not accomplishing hoped-for results. The rule here abrogated has had much support in this country, and has been enacted by the United States supreme court, a tribunal that has been particularly jealous in the preservation of the

constitutional rights of parties and has at the same time made a great contribution to the simplification of procedure and the expedition of causes. The rule, without its ameliorating provisions, and with jury fee added, has had a general adoption in this state as far as courts other than the circuit court are concerned. It appeared to give promise of important economies. This court is now satisfied that it will not have these effects, and without hesitation abrogates the rule. These conclusions made it unnecessary to consider other arguments addressed to the propriety of dealing with this matter under the rule-making power.

In this connection we invite the co-operation of the bar in order that the advisory committee and this court in advance of the enactment and promulgation of the rule may be fully advised. We wish to make it clear that we invite appearances by members of the bar before the advisory committee and before this court as to the workability or desirability of any proposed change in the rules. Such co-operation will materially assist the committee and this court to exercise satisfactorily the rule-making power. It is the purpose of the court to limit itself strictly to procedural matters, and to consider those matters with the sole purpose of insuring that our procedural law may not be incumbered by useless or unfair rules which complicate and confuse the trial of cases or add to the expense of litigation.

We acknowledge the lawyerlike and helpful manner in which this matter has been presented to the court, both in the oral arguments of those making appearances on the hearing and in the briefs submitted.

For the foregoing reasons the order of this court dated November 14, 1944, is vacated and set at naught so far as it abrogates Rule 270.32 as promulgated January 1, 1936, and promulgates the present rule 270.32, Stats.

The effect of this is to leave in force sec. 270.32, Stats., as promulgated January 1, 1936.