SIEDENBURG, Special Administratrix, Respondent, v. SEVERSON, Appellant: STRANNEY and others, Defendants.

*No. 82. Argued January 6, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 35.)

For the appellant there was a brief and oral argument by *L. William Connolly* of Milwaukee.

For the respondent there was a brief and oral argument by *Kenneth J. Ehlenbach* of Milwaukee.

WILKIE, J.   A single issue is presented on this appeal: Did the trial court abuse its discretion in denying appellant's motion to dismiss respondent's complaint wherein she changed her capacity as plaintiff from personal to special administratrix?

There was no abuse of discretion. The order must be affirmed. Respondent is clearly entitled to bring the action either in her own behalf or as personal representative of the decedent.[1] The required affidavit[2] supporting the noticed discovery needed in order for plaintiff-respondent to plead is not a pleading but is merely a statement of "the general nature and object of the action or proceeding."[3] The entire purpose of this discovery procedure would be negated if a plaintiff were required to conform his complaint precisely to the affidavit. Here, too, the complaint alleged several alternative causes of action. There was no changing or adding "causes of action."

Appellant has shown no prejudice by respondent's serving of the amended summons and the complaint. There certainly can be no claim of surprise, when it was the discovery examination which enabled the respondent to formulate her pleading.

Furthermore, a trial court, in its discretion,[4] may permit the amendment of "any process, pleading or proceeding" and may do so "at any stage of any action."[5] This provision is to be liberally construed.[6]

---

[1] Sec. 895.04 (1), (6), Stats.
[2] Sec. 887.12 (6), Stats.
[3] *Id.*
[4] *Girtz v. Oman* (1963), 21 Wis. 2d 504, 509, 124 N. W. 2d 586.
[5] Sec. 269.44, Stats.
[6] *Wipfli v. Martin* (1967), 34 Wis. 2d 169, 148 N. W. 2d 674.

The trial court's decision to allow such an amendment will not be disturbed by this court except for abuse of such discretion.[7] There was clearly no abuse of discretion here. The trial court obviously concluded, as we do, that the complaint served was in compliance with its order of May 5, 1969.

*By the Court.*—Order affirmed.