THEUERKAUF, Respondent, v. SCHNELLBAECHER, Appellant.*

*No. 312. Submitted under sec. (Rule) 251.54 May 8, 1974.— Decided June 4, 1974.*
(Also reported in 218 N. W. 2d 295.)

* Motion for rehearing denied, with costs, on August 1, 1974.

The cause was submitted for the appellant on the briefs of *Kraemer, Binzak & Sylvan, S. C.*, attorneys, and *Joseph J. Esser* of counsel, all of Menomonee Falls, and for the respondent on the brief of *Frank J. Liska, Jr.*, of Milwaukee.

HALLOWS, C. J. Schnellbaecher raises four issues on this appeal: (1) Did the trial court err in ruling Schnellbaecher had waived his right to a jury trial and consequently could not demand same as of right; (2) did the trial court err in denying Schnellbaecher an opportunity to file an amended answer; (3) did the trial court err in permitting the testimony of John Romann to be admitted in evidence; and (4) did the trial court err in concluding the reasonable value of Theuerkauf's services was $3,500? Owing to the nature of the first two issues, the procedural facts must be set out in detail.

The action was commenced on September 13, 1971, and the complaint was a form used generally in collection matters. On September 29, 1971, a notice of retainer and a demand for a bill of particulars was served on Theuerkauf's attorney, identifying the Legal Aid Society as attorney for Schnellbaecher. On November 10, 1971, a "bill of particulars" was served on the Legal Aid Society as attorney for Schnellbaecher, reciting telephone and phone conferences had concerning Theuerkauf's representation of Schnellbaecher in a divorce action and correspondence necessitated by such divorce action and

various other services performed by Theuerkauf for Schnellbaecher in the course of representing him in the divorce action and related affairs.

On December 22, 1971, Legal Aid served an answer, verified by Schnellbaecher, by which he: (1) Denied there was $4,000 due and owing from him to Theuerkauf; (2) alleged Theuerkauf had agreed to perform the services set forth in the bill of particulars for $2,500; and (3) alleged the reasonable value of Theuerkauf's services for him was $2,500. On January 14, 1972, the note of trial-certificate of readiness-notice of issue was filed with the clerk of court; the document had been prepared by Theuerkauf's attorney and forwarded to the Legal Aid Society as Schnellbaecher's attorney for signature. The note of issue in the action was signed by Theuerkauf's attorney and by Jordan B. Reich of the Legal Aid Society as attorney for Schnellbaecher. Upon the face of the note of issue, it was stated that there was an issue of fact for the court, issue having been joined on December 22, 1971.

On March 17, 1972, the Hon. CLARENCE W. NIER, county judge of Brown county was assigned to hear the action. On June 6, 1972, Schnellbaecher filed an affidavit of prejudice against Judge NIER and asked for a new judge. The affidavit apparently was prepared by Schnellbaecher, Judge NIER was notified by the calendar deputy clerk that same day and the next day wrote back and directed that the case be referred to the administrator of courts for reassignment. The form employed for the request for reassignment made by the clerk recited that a pretrial conference had already been conducted and there was not to be a jury. On July 24, 1972, the Hon. JOHN K. CALLAHAN, reserve judge of Marquette county, was assigned to the trial of the case. At the trial of the instant action, it was established that a pretrial conference had been had and that Schnellbaecher had

been represented by Jordan Reich of the Legal Aid Society.

On September 6, 1972, Schnellbaecher's present attorney wrote Judge CALLAHAN stating his firm had just been retained by Schnellbaecher and that he was making a formal demand for a jury trial of the action and because of the imminence of the date of trial, he would request that his letter constitute a formal demand for a jury trial. The calendar deputy clerk of the county court appended a note to the letter informing Judge CALLAHAN that he had put in a request for a jury from the circuit court panel but that if he should decide the request was untimely, he would cancel the request. On September 11, 1972, Theuerkauf's attorney advised Judge CALLAHAN by letter that he opposed counsel's request for a jury trial and that he considered that Schnellbaecher had waived his right to a jury trial and was estopped from so demanding. The deputy calendar clerk for the county court once again appended a note to the letter, this time informing Judge CALLAHAN to advise him whether he concurred. On September 12, 1972, Judge CALLAHAN wrote the clerk and said he had no objections to the request for a jury trial if Theuerkauf's attorney had none. The calendar deputy clerk then wrote back to Judge CALLAHAN to voice his concern with calling a jury panel: "My concern about calling a jury panel is to save the expense of having additional jurors come and then not using them. After Tuesday of each week, jurors are called in only on specific order of each court."

On September 15, 1972, with the trial scheduled for September 20th, Schnellbaecher served a proposed amended answer on Theuerkauf. The answer purported to deny that Theuerkauf had at the request of Schnellbaecher performed certain services for Schnellbaecher at an agreed-upon price for which Schnellbaecher had agreed to pay; to deny there was any amount due and

owing Theuerkauf from Schnellbaecher; and for affirmative defenses alleged that Theuerkauf had already been more than adequately paid for such services as he had rendered Schnellbaecher and had performed certain services improperly and others unnecessarily.

Trial was had to the court on September 20, 1972. On the date of trial, Schnellbaecher's attorney asked permission to file the amended answer with the court; Theuerkauf's attorney objected on the grounds: (1) The attempted amendment came too late, Schnellbaecher having been represented by counsel throughout the pendency of the action since December 22, 1971, when issue was joined; and (2) it would not be in the interests of justice to allow such amendment in that paragraph 5 of the proposed amended answer was in the nature of a counterclaim because it asserted that some of the services theretofore performed and for which payment had been made had been unnecessary or improperly performed. At the outset of the proceedings, the court announced that Schnellbaecher's request for a jury trial would not be granted because he had waived his right thereto and that Schnellbaecher's amended answer would not be accepted, Theuerkauf having objected to it.

The trial court found the sum of $3,500 to be a reasonable fee and ordered that Theuerkauf should recover $2,810 from Schnellbaecher, such sum representing the balance due on the $3,500 fee ($1,000 having been already paid) plus $310 in costs remaining unpaid by Schnellbaecher in the divorce action. Judgment was entered the same day in the sum of $3,160.44 in favor of Theuerkauf against Schnellbaecher, representing $2,810 plus interest and costs.

Schnellbaecher argues he had not waived his right to a jury trial and that it was error for the trial court to have so concluded. The right to a jury trial is guaranteed by the Wisconsin Constitution but may be waived as pre-

scribed by law. We hold the signing and filing of the notice of readiness, stating the issue was for the court, constitutes a waiver of a jury trial.

Art. I, sec. 5, of the Wisconsin Constitution provides in pertinent part as follows:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law. . . ."

By way of implementing the constitutional directive that a jury trial might be waived, sec. 270.32, Stats., provides three alternative methods for effectuating a waiver:

"Trial by jury may be waived by the several parties to an issue of fact by failing to appear at the trial; or by written consent filed with the clerk; or by consent in open court, entered in the minutes."

Prior to the passage of the genesis statute of present sec. 270.32, this court announced that the right to a jury trial might be waived by a party, directly or indirectly, but if a party makes demand for a jury trial and such is denied him, he does not waive that right by then submitting to a trial by the court. *See Norval v. Rice* (1853), 2 Wis. 17 (*22) ; *May v. Milwaukee & Mississippi Ry. Co.* (1854), 3 Wis. 197 (*219). There was nothing said in either case about what might be held to constitute either express or implied waiver.

In considering the statutory prescription for waiver, the legislative history of what is presently sec. 270.32, Stats., is instructive. Derived originally from sec. 796 of the Field Code, this section was created by the Laws of 1856, ch. 120, sec. 176, and read then as follows:

"Trial by jury may be waived by the several parties, to an issue of fact, in actions on contract, with the assent of the court, in other actions, in the manner following:

"1. By failing to appear at the trial.

"2. By written consent, in person, or by attorney, filed with the clerk.

"3. By oral consent in open court, entered in the minutes."

It appeared first in the R. S. of 1858, ch. 132, sec. 18. The language was unchanged in R. S. 1878, sec. 2862; R. S. 1898, sec. 2862, and Stats. 1925, sec. 270.32 (the statute had been renumbered by Laws of 1925, ch. 4). By Supreme Court Rule, effective January 1, 1936, the section was amended to read as it presently does. *See* 217 Wis. ix. The only substantive change intended was allowing waiver without first obtaining the court's consent. Theretofore, in actions other than on contract, consent of the court was required. *See* Comment, *Pleading, Practice and Procedure—New and Amended Rules in Wisconsin,* 11 Wis. L. Rev. (1935–36), 271, 274.

By Supreme Court Rule, effective July 1, 1945, the section was revised to provide that the right to a jury trial was waived unless timely demanded except that the court in its discretion upon motion might order a jury trial notwithstanding failure to timely demand same. 245 Wis. viii, ix (1944). In the *Petition of Doar* (1945), 248 Wis. 113, 21 N. W. 2d 1, this change was vacated. The effect of this decision was to leave in force sec. 270.32, Stats., as promulgated January 1, 1936, and as it stood before the 1945 change. There had been an objection raised that the change placed an undue procedural burden upon the constitutional right to a jury trial. The court dismissed this objection but did conclude the change would not accomplish its intended purpose of procedural economy because of the typical practice of including a demand for a jury trial as a matter of course in all pleadings, leaving the determination of whether the case would be tried by court or jury until a later time.[1]

---

[1] The proposed new Wisconsin Rules of Civil Procedure, presently before the court on the petition of the Judicial Council for

The question of waiver of jury trial has been considered by this court in cases arising after enactment of what is presently known as sec. 270.32, Stats., and the conclusion has been reached that sec. 270.32 does not state the exclusive conditions for finding waiver of jury trial. *See Leonard v. Rogan* (1866), 20 Wis. 568 (*540), 571; *Charles Baumbach Co. v. Hobkirk* (1899), 104 Wis. 488, 80 N. W. 740; *McCormick v. Ketchum* (1880), 48 Wis. 643, 4 N. W. 798; *Wooster v. Weyh* (1927), 194 Wis. 85, 216 N. W. 134; and *Gifford v. Thur* (1938), 226 Wis. 630, 276 N. W. 348.

The defendant relies on sec. 270.07 (1), Stats., which provides in pertinent part as follows:

"An issue of fact in an action for the recovery of money only, or of real or personal property or for divorce or legal separation on the ground of adultery, must be tried by a jury except as otherwise provided in this chapter . . . ."

promulgation by this court under sec. 251.18, Stats., would change the rule once again. *See* 1973 Wis. L. Rev., special edition, pp. 72, 116. It is proposed that present sec. 270.32 be repealed and rule 805.01 be substituted in its stead. It is there provided as follows:

"805.01 Jury trial of right. (1) RIGHT PRESERVED. The right of trial by jury as declared in Article I, Section 5 of the Constitution of this state or as given by a statute of this state and the right of trial by the court shall be preserved to the parties inviolate.

"(2) DEMAND. Any party entitled to a trial by jury or by the court may demand a trial in the mode to which he is entitled at the pretrial conference. The demand may be either oral or written.

"(3) WAIVER. The failure of a party to demand at the pretrial conference a trial in the mode to which he is entitled constitutes a waiver by him of trial in such mode. The right to trial by jury is also waived if the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or the court upon motion or of its own initiative finds that a right of trial by jury of some or all of the issues does not exist. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

If we understand the defendant correctly, he argues that sec. 270.07 (1) does not permit waiver of the right to jury trial in the actions described. The statute does not expressly preclude waiver of the right to jury trial. Its language appears to contemplate that possibility in its use of the words "except as otherwise provided in this chapter." The interpretive commentary furnished to the statute recites that "It is possible to waive a trial by jury. Stats. section 270.32." *See* 32 Wis. Stats. Anno., p. 10, sec. 270.07. *See also* 50 C. J. S., *Juries,* pp. 790, 791, 802, 803, secs. 85, 96. Case law supports the construction of sec. 270.07 that a jury trial may be waived. In *Hartman v. Hartman* (1948), 253 Wis. 389, 34 N. W. 2d 137, a divorce action involving the issue of adultery, the claim was made on appeal that the parties had no right to waive a jury trial on the adultery issue because of sec. 270.07 and consequently the trial court should have declined to accept the parties' written waiver of jury trial which had been filed with the clerk pursuant to sec. 270.32 and ordered a jury trial. This court rejected the argument, citing the provisions of art. I, sec. 5, of the Wisconsin Constitution and sec. 270.32 permitting the waiver of jury trial and ruled that the trial court had been given no choice other than to let the parties' written waiver of jury trial stand. *See also Dunn v. Dunn* (1951), 258 Wis. 188, 193, 45 N. W. 2d 727, where the court expressly stated that "[s]ec. 270.07, Stats., directs a jury trial when divorce is sought on the ground of adultery but provides that the right may be waived by the failure of a party to appear at the trial, or by written consent filed with the court, or by consent in open court entered in the minutes."

Schnellbaecher waived his jury trial as a consequence of the actions of the Legal Aid Society attorney for Schnellbaecher in signing the notice of trial and certificate of readiness, prepared and forwarded by Theuer-

kauf's attorney, which stated the case was an issue of fact for the court, and then returning same to Theuerkauf's attorney for filing with the clerk of court. Such conduct amounts to "written consent filed with the clerk" as prescribed by sec. 270.32, the statute which defines the various ways in which waiver of the right to a jury trial might be effectuated.

Schnellbaecher's conduct subsequent to his attorney's return of the notice of trial is supportive of the foregoing conclusion that Schnellbaecher decided to forego a jury trial in that he allowed the case to remain so calendared until two weeks before trial, the notice having been filed on January 14, 1972, and the request for a jury trial not being made until September 6, 1972, with the trial scheduled for September 20, 1972. It appears from the record that on June 6, 1972, Schnellbaecher prepared an affidavit of prejudice on his own. At that time he was apparently satisfied with a court trial. The demand for a jury trial did not arise until Schnellbaecher retained new counsel and then it was too late. The recitation in the calendar deputy clerk's request to the court administrator for assignment of another judge, which request was made after submission by Schnellbaecher of the affidavit of prejudice, indicated the case had already been pretrialed and that there would not be a jury trial.

Schnellbaecher's second argument is Theuerkauf's complaint failed to state a cause of action, but this argument will not be considered because not properly preserved. After service of the complaint was made upon Schnellbaecher on September 13, 1971, counsel for Theuerkauf received: (1) A notice of retainer advising that the Legal Aid Society appeared for Schnellbaecher in the action and that a copy of all proceedings subsequent to the summons be served on it; (2) a demand for a bill of particulars setting forth the facts relied on by Theuerkauf as constituting the complaint against Schnellbaecher

(with which Theuerkauf's attorney complied) ; and (3) an answer, verified by Schnellbaecher himself, by which Schnellbaecher (a) denied there was $4,000 due and owing from him to Theuerkauf, (b) alleged Theuerkauf had agreed to perform the services set forth in the bill of particulars for $2,500, and (c) alleged the reasonable value of Theuerkauf's services for him was $2,500. This answer was served on December 22, 1971, over three months from the date of the service of the complaint. No demurrer to the complaint was served or filed. Nor was a motion to make more definite and certain made. Sec. 263.45, Stats., does not apply.

Sec. 263.05, Stats., provides "the only pleading on the part of the defendant is *either* a demurrer *or* an answer. It must be served within 20 days after the service of the copy of the complaint." Sec. 263.06 lists the objections to defects appearing upon the face of the complaint which must be raised by demurrer to the complaint. Among these appears sub. (6) : "That the complaint does not state facts sufficient to constitute a cause of action." Finally, in sec. 263.12, it is stated that "[e]xcept as provided in s. 262.16 [not applicable here], if not interposed by demurrer or answer, the defendant waives the objections to the complaint except the objection to the jurisdiction over the subject matter, but such waiver shall not preclude any challenge to the sufficiency of the evidence to establish a cause of action." Schnellbaecher must be held to have waived his stated objection to the complaint by the failure to timely interpose the requisite demurrer.

Schnellbaecher also argues he should have been allowed to file an amended answer. The proposed amended answer prepared by the attorney retained by Schnellbaecher on September 6, 1972, was first served on Theuerkauf's attorney on September 15, 1972, five days prior to the scheduled trial date of September 20, 1972. The proposed

amended answer would have altered the issue already framed for trial. The trial court refused to allow the proposed amendment to the answer which Schnell-baecher's attorney first asked permission for on the day of trial.

Sec. 269.44, Stats., provides "[t]he court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, . . . ; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based." It has been said this provision is to be liberally construed, *Bourassa v. Gateway Erectors, Inc.* (1972), 54 Wis. 2d 176, 194 N. W. 2d 602; *Siedenburg v. Severson* (1971), 50 Wis. 2d 40, 183 N. W. 2d 35, and that it gives wide discretion to the trial court, *Girtz v. Oman* (1963), 21 Wis. 2d 504, 124 N. W. 2d 586, and that when a trial court stays within the limitations of the statute as to allowing amendments, its decision will be sustained, reversible error occurring only in cases presenting a clear abuse of judicial discretion, *State ex rel. Schroedel v. Pagels* (1950), 257 Wis. 376, 43 N. W. 2d 349; *Turner Mfg. Co. v. Gmeinder* (1924), 183 Wis. 664, 198 N. W. 611. Conversely, it has been stated:

" 'When it appears that an omission in any proceeding is material, or that proceedings taken by a party so fail to conform to provisions of law as to be fatal to rights which might otherwise be protected, and that such omission or failure is through mistake, inadvertence, surprise, or excusable neglect, it is abuse of discretion to refuse to supply such omission and permit amendment of the proceedings so as to remove the technical obstacles to a litigation of the merits of the controversy.' " *Wipfli v. Martin* (1967), 34 Wis. 2d 169, 173, 174, 148 N. W. 2d 674, quoting from *Platt v. Schmidt* (1902), 115 Wis. 394 at 398, 91 N. W. 992.

This court went on to say in *Wipfli*, regarding the propriety of permitting amendment that:

"... sec. 269.44, Stats., should be liberally construed to permit the amendment of the pleadings so as to present the entire controversy providing the amendment does not unfairly deprive the opposing party of timely opportunity to meet the issue created by the amendment." *Wipfli v. Martin, supra*, page 174.

Under the circumstances of the instant case, in which the proposed amendment created a new issue of whether Theuerkauf had unnecessarily or improperly performed services for Schnellbaecher, the trial court properly refused to allow the amendment at the late date of its proposal. However, in any event, this court has ruled in *McCraw v. Witynski* (1969), 43 Wis. 2d 313, 168 N. W. 2d 537, that a trial court cannot be held to have abused its discretion in denying an amendment to the defendant's pleading where the presentation of the merits of defendant's case was not prejudiced thereby. Reading the record as a whole, it cannot be said Schnellbaecher was deprived of the opportunity to present the merits of his case. The trial court determined what constituted a reasonable fee for the particular services rendered.

The third argument made by Schnellbaecher is the testimony of an attorney, John Romann, who had served as counsel for Schnellbaecher's wife in the divorce action, should have been stricken because he might have been biased; his testimony might have been self-serving. This question is one of credibility which the trial court as finder of fact had the responsibility to resolve.

The fourth and final question raised is whether the trial court erred in finding the reasonable value of Theuerkauf's services to Schnellbaecher was $3,500. This court recently summarized its position on the question of the reasonableness of attorney's fees in *Herro, McAndrews & Porter v. Gerhardt* (1974), 62 Wis. 2d 179,

214 N. W. 2d 401. In so doing, it first resolved what it perceived to be a conflict in the cases on the standard to be applied on appellate review. The court announced that henceforth on appeal an independent review as to the reasonableness of an attorney's fee would be performed. The court then reiterated the factors it had previously announced should be considered in determining the reasonable value of an attorney's services (p. 184):

" '. . . the amount and character of the services rendered, the labor, the time, and trouble involved, the character and importance of the litigation, the amount of money or value of the property affected, the professional skill and experience called for, and the standing of the attorney in his profession; to which may be added the general ability of the client to pay and the pecuniary benefit derived from the services.' " (Citing *Touchett v. E Z Paintr Corp.* (1961), 14 Wis. 2d 479, 488, 111 N. W. 2d 419.)

On the second last factor delineated, the court noted that the "ability of a client to pay" should be taken into consideration only if a client is unable to pay a reasonable fee because of lack of means, citing Code of Professional Responsibility, *Ethical Considerations,* 43 Wis. 2d vii, xviii, and *Hennen v. Hennen* (1972), 53 Wis. 2d 600, 193 N. W. 2d 717.

Based upon our independent review of the record, the trial court's conclusion that $3,500 marked the reasonable value of Attorney Theuerkauf's services for Schnellbaecher is justified.

As to the character of the services rendered, the record discloses the demands of the client for services included not only the divorce, but will drafting, the preparation and the execution of trust agreements, criminal matters, income tax and gift tax consultation, landlord-tenant problems, correcting title to real estate and sale of real estate. At the outset of this representation of Schnellbaecher, Theuerkauf advised his client that his fee would

likely be at least $2,500. This was a rough approxima-
tion. Schnellbaecher said nothing and continued to accept
the services performed for him by Theuerkauf. Later,
Theuerkauf apprised his client that his fee must be at
least $3,500. Again Schnellbaecher said nothing and con-
tinued to accept the rendition of services by Theuerkauf.
Attorney Romann testified that any amount up to $7,500
as fee for the plaintiff would be reasonable. Theuerkauf
testified he thought $8,500 would be reasonable.

The character and importance of the litigation to the
litigants in this particular case was substantial. A family
was in process of splitting. Minor children, as is custom-
ary, were involved. Decisions in property division,
adequate support for the children, expected inheritance,
income tax, etc., which would affect both parties for years
to come, had to be considered.

At the commencement of the divorce, the marital assets
exceeded $400,000. The defendant had, by a series of
conveyances he had instituted, caused real estate to be in
the name of one party when it belonged to another. He
had, for whatever reason, marital property in the name
of his wife alone when it, in fact, belonged to the de-
fendant's mother. He had arranged a $100,000 loan to his
wife from his mother with interest at two percent, with
a maturity date of over four years in the future, which
defendant's wife insisted upon using until the maturity
date for purposes of income on the differential between
the two percent interest rate and the potential higher
earnings in other investments.

The expertise required in this divorce matter called
upon the talents of an attorney in the area of tax law,
property law and domestic relations. In this case, it
also called for knowledge and experience in the area of
child welfare, criminal law, estate planning and real
estate law. The defendant had snarled up his personal
affairs and property to the point where both attorneys
considered it the most complicated case they handled.

The very identification of the marital assets occupied at least four lengthy office conferences between opposing counsel and Schnellbaecher's brother-in-law. Prior unprofessional handling of the various assets of the estate seriously jeopardized the rights of third parties as well as the principals. The skill of the plaintiff to insure that the children would be provided for in a trust created as part of the divorce property division indicated the concern for the possible future involvement of the defendant in contempt of court citations for failure to pay the child support.

The general standing of Attorney Theuerkauf in his profession was described by the opposing counsel. He had been in practice some fifteen years as of the date of his work on Schnellbaecher's divorce. Theuerkauf himself testified that a sizeable percentage of his legal work was in the domestic relations field. He had participated as counsel in some 300 divorces in his fifteen years of practice. He received periodic requests for advice from other attorneys in the divorce field. He had represented prominent citizens in divorce matters who had their regular legal work done by other attorneys.

The testimony disclosed the defendant was the recipient of a property settlement of 64 percent of an estate valued at $400,000. While his future health and earning power was in question, his ability to pay a reasonable attorney fee, from the record, seems unquestioned. He had no inhibition to demand that his attorney offer the opposing attorney $5,000 as a contribution to the opposing counsel's fees.

The gist of the defendant's argument herein is that a $1,000 fee was sufficient for the attorney when all he had to do was formalize a property settlement which defendant had already determined. This position on the part of the defendant is disputed by both the plaintiff and the attorney for the wife. It is also inconsistent with his own verified answer that the services were worth

$2,500. Opposing counsel said the settlement proposal offered by the defendant constantly oscillated. The final settlement was substantially more beneficial to the client than the client had originally proposed. The client went to the attorney when the divorce was over and commended him on the job that he had accomplished. He even requested that he perform additional legal work for him, which request came after Theuerkauf had submitted a final bill of $5,000 to him to which he did not then make objection. He accomplished a $3,500 reduction in the contribution to the attorney fees of the wife. He reduced the corpus of the trust for the benefit of the children's support from $100,000 to $75,000. He obtained the return from the wife of a $100,000 promissory note which she had no legal obligation to return for four years—a note which bore only two percent interest in a money market which permitted the defendant to invest $75,000 in bonds bearing eight and one-half percent to nine percent interest. This item alone enabled the defendant to receive $7,000 per year more interest for four years. Arrangements were made that the child support and alimony would be paid periodically and on time from the "trust fund" established for that purpose. Lands were returned to their rightful owners—lands, the title to which, the defendant herein had peculiarly gotten into the names of his wife without consideration.

*By the Court.*—Judgment affirmed.