SCHWEITZER, Respondent, vs. DOEPKE, Appellant.

*February 9—March 6, 1928.*

*Automobiles: Continuance of trial because of absence of party: Appeal: Errors considered: Damages: Personal injury: Loss of earnings based on invested capital: Excessive damages.*

1. The refusal of the court to continue an action for personal injury and property damage resulting from an automobile collision because of the defendant's absence, is affirmed where there was no good cause for such absence and it does not appear probable that a different result would have followed if defendant had been present, and where the circumstances of the accident left no doubt of defendant's negligence. p. 343.

2. Generally, no error will be considered on appeal which was not assigned or presented to the lower court on the trial or on a motion for a new trial.  p. 343.

3. In an action for personal injuries received in an automobile collision, conflicting evidence as to whether plaintiff's disability at the time of trial was due to the accident is *held* to take the question to the jury, and to support a finding that plaintiff's disability at the time of trial was the result of the automobile collision, in view of the nature of the injury, his ataxia gait, difficulty in bending back, and dizziness immediately following the injury.  p. 344.

4. An instruction that plaintiff was entitled to his "loss of earnings" instead of his "loss of earnings by reason of the impairment of his capacity to earn" was not prejudicial error as against the objection that plaintiff, a contractor painter, was running his business with invested capital, since it was evident that the jury fully understood the situation.  Such distinction should however be pointed out to the jury.  p. 344.

5. A verdict for $4,500 damages in favor of plaintiff, whose average earnings were $55 a week before the injury and whose earnings fell off one half after the accident, following a total incapacity for ten weeks, is not excessive.  p. 345.

APPEAL from a judgment of the circuit court for Milwaukee county: CHARLES L. AARONS, Circuit Judge.  *Affirmed.*

Personal injury and property damage resulting from automobile collision.

This is an appeal from a judgment in favor of the plaintiff for $4,500 and costs.  There was a jury trial and verdict for plaintiff.  Errors assigned are: (1) Refusal of new trial on the ground of excessive verdict; (2) refusal to grant new trial on account of errors in instructions to the jury.

For the appellant there were briefs by *Fawsett & Shea,* attorneys, and *E. L. McIntyre* and *C. F. Mikkelson,* of counsel, all of Milwaukee, and oral argument by *Mr. Mikkelson* and *Mr. McIntyre.*

*Wm. A. Schroeder* and *Jacob S. Rothstein,* both of Milwaukee, for the respondent.

CROWNHART, J.  In this court appellant, in his reply brief, urges for the first time that the trial court should have granted a new trial on account of defendant being forced to trial when he was absent in California.

Taking up the last point first, we think the court properly refused to continue the case for the reason that there was no good cause shown for defendant's absence; it does not appear probable that any different result would have followed if defendant had been present; and the circumstances of the accident seem so clearly established as to leave no doubt of defendant's negligence.  Generally, no error will be considered on appeal which was not assigned or presented to the lower court on the trial or on a motion for new trial.

Plaintiff was forty years of age.  He was a contractor painter, employing two or three men with whom he worked in doing painting jobs.  Prior to the accident he was continuously engaged in his business and earned on an average $55 per week.  He weighed 170 to 172 pounds and was in good health and physically sound.  After the accident he lost thirty pounds and became extremely nervous.  He was totally incapacitated for ten weeks.  After that time his earning capacity was cut to one half of his former earnings. He was unable to lift; unable to climb ladders; unable to work on ceilings; had an ataxia gait—difficulty in walking, starting, and stopping; had difficulty in stooping over; tired quickly; suffered from headaches and dizziness.  His physicians ascribed the changes in his condition to the accident. They attributed his condition in part to an injury of the spine.  When they testified, no X-ray had been taken.  On application of defense, an X-ray was taken during the trial. Defense physicians testified that they found from the X-ray that plaintiff had a greatly enlarged kidney, which was diseased.  This they claimed did not result from the accident, and that it was sufficient to account for plaintiff's disability. They found no injury to the spine.  The X-ray was taken

a year and a half after the accident.   The expert for de-
fense gave his opinion that the abnormal kidney condition
was not caused by the accident, basing his judgment on con-
ditions found at the time.   But the jury had the testimony
of plaintiff's experts, and particularly the doctor who treated
him immediately after the accident, to the effect that his
disability at the time of the trial was due to the accident.
It was for the jury to find the fact from the evidence.

Plaintiff's injuries at the time of the accident appear to
have been caused by his being violently thrown forward onto
his steering wheel and then back against the back of the seat.
Immediately after the accident he was in severe pain, was
nauseated, and he passed bloody urine for two or three days.
Plaintiff was strong and robust before the injury, and imme-
diately afterwards he became disabled, and was disabled at
the trial.   We think the jury were warranted in finding his
disability was the result of the accident.   The nature of the
injury, the passage of the bloody urine, the ataxia gait, the
difficulty in bending back, the dizziness,—all immediately
following the injury,—indicated pretty conclusively that his
disability was the result of the accident.

Complaint is made that the court erred in its instructions
to the jury, in that the court instructed the jury that plaint-
iff was entitled to his "loss of earnings" instead of his "loss
of earnings by reason of the impairment of his capacity to
earn."   This objection to the charge is based on the theory
that the plaintiff was running a business with invested cap-
ital.   In such cases the distinction should be pointed out
to the jury, but we see no prejudicial error in this case.   Here
it was not shown that there was any capital invested upon
which earnings were predicated.   The plaintiff took small
contracts for painting and employed two or three men to
help him.   He worked with the men, and it was his skill and
labor that produced his average earnings of $55 per week

prior to the accident, and it was because of his accident that his earnings fell off one half after the accident. The earnings could not have been much exaggerated as they did not much exceed the earnings of his workmen of $1.12½ per hour or $9 per day. We think the jury fully understood the situation, and there was no prejudicial error in the charge. See 8 Ruling Case Law, p. 473, § 37, and authorities there cited.

The damages assessed by the jury do not appear to be excessive in view of plaintiff's loss of earnings up to the time of trial, and his probable loss of earnings in the future. It appeared highly probable that plaintiff had a serious permanent impairment of earning capacity. To say nothing of pain and suffering, the verdict could well be sustained on past and future loss of earnings.

*By the Court.*—The judgment of the circuit court is affirmed.