SMITH, and others, Plaintiffs-Respondents, v. PLANKIN-TON DE PULASKI and others, Defendants-Respondents: MACKINTOSH, Defendant-Appellant.

*No. 544 (1974). Argued January 5, 1976.—Decided February 3, 1976.*
(Also reported in 238 N. W. 2d 94.)

For the defendant-appellant there was a brief by *Marshall Perlin* of New York, New York and *Harry F. Peck* and *Hayes, Peck & Gerlach* of Milwaukee, of counsel, and oral argument by *Marshall Perlin*.

For the plaintiffs-respondents there was a brief by *Harrold J. McComas, Wayne R. Lueders* and *Foley & Lardner,* all of Milwaukee, and oral argument by *Harrold J. McComas.*

For defendant-respondent Eileen T. Plankinton there was a brief and oral argument by *Stanley F. Hack* of Milwaukee; for the defendants-respondents Alexandra Plankinton de Pulaski, Michael Townsend Mackintosh and Elisabeth Plankinton Mackintosh there was oral argument by *Andrew O. Riteris* of Milwaukee.

ROBERT W. HANSEN, J.   This appeal is taken from two orders of the trial court: one entered on December 13, 1973, as to various procedural matters, and the other entered on December 19, 1973, on the merits, approving the accounts of the trustees of the Plankinton trust and discharging such trustees from liability with respect thereto.

As to the appeal from the December 13th order, such appeal must be dismissed as not timely brought. On its face, such notice of appeal was signed and dated in New York City more than six months after the entry of the order challenged.[1] The time limit for taking such appeal in this state is six months.[2] Dismissal is mandated where the statutory time limit is not complied with.[3] This court

---

[1] The notice of appeal was signed and dated in New York City on June 14, 1974 (a Friday). It was filed on June 17, 1974.

[2] Sec. 274.01, Stats., requires that: ". . . the time within which a writ of error may be issued or an appeal taken to 'obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to 3 months from service of notice of entry of such judgment or order or, if no notice is served, to 6 months from date of entry. . . ." (No notice of entry appears in this record as to the December 13, 1973 order.)

[3] *Kohnke v. ILHR Department* (1971), 52 Wis. 2d 687, 690, 191 N. W. 2d 1, this court holding: ". . . if statutory time limits to obtain appellate jurisdiction are to be meaningful they must be unbending." *See also: United States v. Burczyk* (1972), 54 Wis. 2d 67, 194 N. W. 2d 608; 6 and 7, E. Bryant, *Wisconsin Pleading & Practice* (1954), sec. 52.16, p. 443; sec. 53.15, p. 10.

lacks jurisdiction to entertain such appeal if such appeal is not properly taken.[4] The appeal from the order of December 13, 1973, is dismissed.

As to the December 19th order, the appellant raises several challenges. An initial challenge is that, following the December 13th order, the plaintiffs were required to serve an amended complaint on the defendants. Appellant argues that the general statute on amending a complaint applies,[5] rather than the specific statute dealing with the right of the court to amend any pleading in furtherance of justice and upon such terms as may be just.[6] Under the circumstances here, we hold the specific statute, sec. 269.44, to be applicable. Our court has repeatedly held that this statute allows amendments to pleadings to reflect changes in parties, evidence, or other circumstances,[7] and that a trial court may permit such amendments "at any stage of any action."[8] Additionally,

[4] *Falk v. Industrial Comm.* (1950), 258 Wis. 109, 111, 45 N. W. 2d 161, this court holding: ". . . when an appeal is not taken within the statutory period allowed therefor the court has no jurisdiction of the matter." (Quoted and followed in *Kohnke v. ILHR Department, supra,* footnote 3, at page 691.)

[5] Sec. 263.10, Stats., providing: "If the complaint be amended a copy thereof must be served and the defendant must demur or answer thereto within twenty days. . . ."

[6] Sec. 269.44, Stats., providing: "The court may, at any stage of any action or special proceeding before or after judgment, in futherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or vice versa; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

[7] *See: Celmer v. Quarberg* (1973), 56 Wis. 2d 581, 203 N. W. 2d 45; *Bourassa v. Gateway Erectors, Inc.* (1972), 54 Wis. 2d 176, 182, 194 N. W. 2d 602; *Wipfli v. Martin* (1967), 34 Wis. 2d 169, 148 N. W. 2d 674.

[8] *Siedenburg v. Severson* (1971), 50 Wis. 2d 40, 42, 183 N. W. 2d 35, this court holding: "Furthermore, a trial court, in its dis-

no objection was raised by appellant's counsel to the amending of the complaint in the trial court. The argument is raised for the first time on appeal. Where appellant did not request the opportunity or claim the right to have an amended complaint served upon him, he cannot complain on appeal that such opportunity was not afforded him.[9]

As to appellant's claim of entitlement to a continuance beyond December 19 for the hearing, such challenge fails for the same two reasons— (1) on the merits, and (2) because no motion for a continuance was made in the trial court. A continuance delaying a trial is not a matter of course. An adjournment must be warranted, and a request for such adjournment is " '. . . always addressed to the sound discretion of the trial court, and prejudice must be made to appear in order to set aside its ruling thereon.' "[10] If the claim is that a continuance was required by reason of the amending of the complaint by the trial court, such contention fails. All that the trial court did, in the December 13th order, was: (1) Substitute Edwin Wiley, personal representative of the estate of Lynford Lardner, Jr., for Lardner as a party plaintiff; (2) delete as parties defendant Eileen Plankinton and Stanley Hack (as personal representatives of William

cretion, may permit the amendment of 'any process, pleading or proceeding' and may do so 'at any stage of any action.' [footnoting sec. 269.44, Stats.] This provision is to be liberally construed."

[9] *See: Orton v. Scofield* (1884), 61 Wis. 382, 384, 21 N. W. 261, this court holding: "The precise objection that the amendment [of the complaint] was not verified does not seem to have been made at the time of its allowance, and it is certainly too late to make it for the first time in this court." *See also: Mineral Point v. Davis* (1948), 253 Wis. 270, 274, 34 N. W. 2d 226.

[10] *Gunnison v. Kaufman* (1955), 271 Wis. 113, 119, 72 N. W. 2d 706, quoting *Estate of Hatten* (1940), 233 Wis. 256, 263, 289 N. W. 630.

Woods Plankinton, deceased) ; and (3) provide for examination of trust accounts through October 16, 1973. The first two were entirely procedural, nonsubstantive changes which could not affect the rights of appellant. The third was also precedural, setting a cutoff date for accounts to be reviewed. No new issues arose and no substantial change to the disadvantage of appellant confronted him because of the minor procedural changes made in the complaint.

If appellant's claim of prejudice goes, not to the amendments made to the complaint, but to a claimed lack of time to answer the original complaint, it also fails. For a period of almost one year the issues as to examination and allowance of the trust accounts had been before appellant and his counsel. Moreover, when, at the December 19th hearing, the trial court asked if any attorneys objected to the motion of the trustees' attorney to have the trust accounts allowed, appellant's counsel responded: "In that respect, Your Honor, I wanted to say we have no objection to the trustees being released and discharged in their capacity as trustees, as officers and directors of the wholly owned corporation of the trust." Rights were reserved, "not against the trustees," but as to the dispute concerning the interpretation of the trust instrument. In addition to showing prejudice to him by reason of the failure of the trial court to further delay the proceedings, appellant here is required to show a timely and formal motion for continuance. In this record we find no evidence of a motion for an adjournment, or even an objection to proceeding at the time of the December 19th hearing. Appellant's counsel did participate in such hearing, cross-examining witnesses and presenting the position of his client as to the issues before the court. But we find no evidence of a formal motion for a continuance or adjournment that would provide the foundation for a claim on appeal that appellant's motion for continuance should have been granted or was improperly denied.

In setting forth the questions involved and issues presented on this appeal, appellant in his brief lists three: (1) Was he denied the opportunity to plead, engage in pretrial discovery or present his evidence? We hold that he was not. (2) Was it error for the trial court to approve an accounting for the period covered by the action? We hold that it was not. (3) Was the order of the trial court following the December 19th hearing premature, erroneous and invalid? We hold that it was not.

*By the Court.*—Appeal from order of December 13, 1973 is dismissed. Order of December 19, 1973 is affirmed.