ROBERTSON-RYAN & ASSOCIATES, INC., Plaintiff-Respondent-Petitioner,

v.

Frank POHLHAMMER, Defendant-Appellant.

Supreme Court

*No. 81–1989. Submitted on briefs March 31, 1983.— Decided June 1, 1983.*

(Also reported in 334 N.W.2d 246.)

---

For the petitioner the cause was submitted on the brief of *Douglas F. Mann,* Milwaukee.

For the defendant-appellant the cause was submitted on the brief (in court of appeals) by *George Barrock, Alan M. Clack* and *Barrock & Barrock,* Milwaukee.

WILLIAM G. CALLOW, J.   This is a review of an unpublished decision of the court of appeals which reversed a judgment of the Milwaukee County Circuit Court, Judge Ralph G. Gorenstein, and remanded the matter for a new trial.

In September of 1980, Robertson-Ryan and Associates, Inc. (Robertson-Ryan) brought this action to collect the

premium for an insurance policy ordered by Frank Pohl-hammer. The trial was scheduled for July 23, 1981. On that day Judge Gorenstein conferred with the parties in an effort to reach a settlement. The negotiations were unsuccessful, however, forcing the case to trial. Because Judge Gorenstein had a second trial scheduled for the same time that day, he arranged for the case to be heard by Judge Madden. Both Judge Gorenstein and defense counsel informed Pohlhammer that the case had been transferred. While walking towards the other court, Pohlhammer said that he had to go to the county treasurer's office. Defense counsel did not object but told him to appear in court. Pohlhammer, however, did not return.

Defense counsel looked for Pohlhammer but was unable to find him. When Pohlhammer failed to appear for trial, Judge Madden sent the case back to Judge Gorenstein. Judge Gorenstein decided to proceed with the matter as scheduled. He informed defense counsel that, if the trial was not held immediately, he would enter a default judgment for Robertson-Ryan. Defense counsel requested a continuance until later in the day so he could find his client. The trial court denied the continuance and asked defense counsel whether he wanted to proceed without Pohlhammer. Defense counsel first indicated that he could not but later stated that, if a default was the only alternative, he would attempt to try the case in Pohlhammer's absence. At that point the trial court stated that it would assess actual costs and attorney fees against defense counsel if he proceeded without a defense. However, if a default judgment was entered, the court stated that upon a showing of good cause it would grant a motion to reopen the matter with costs. Defense counsel chose to try the case.

Robertson-Ryan presented one witness. At the close of Robertson-Ryan's case, defense counsel requested a short recess so that he could locate his client. This request was

denied. As a result no direct evidence was introduced for the defense. The trial court ordered entry of judgment for Robertson-Ryan in the amount of $1,705 plus actual attorney fees of $568 (based on a one-third contingent fee), pursuant to sec. 403.806, Stats. The trial court assessed attorney fees of $220 against defense counsel (based on four hours spent in court at $55 per hour) on the ground that the defense was frivolous within sec. 814.025. As stated by the trial court: "[T]he defense presented in this matter was entirely and completely frivolous, without merit, made for the sole purpose of delaying the matter when the witness in this matter voluntarily absented himself from the courthouse despite there being a court ready, willing and able to try the matter. He is not entitled to consideration under those circumstances."

Pohlhammer filed a motion for a new trial. In support of the motion, he submitted an affidavit which stated he was partially deaf and did not hear or understand statements by the court or his attorney that the case was to be tried in another branch that same morning. The trial court denied the motion. Pohlhammer appealed from the judgment. The court of appeals reversed the judgment, holding that the trial court abused its discretion in refusing to grant a continuance. We granted Robertson-Ryan's petition for review.

There are two issues presented for review: (1) whether the trial court abused its discretion in denying defense counsel a continuance, and (2) whether the trial court erred in assessing attorney fees against defense counsel under sec. 814.025, Stats.

## I.

It is well established in Wisconsin that a continuance is not a matter of right. *Gunnison v. Kaufman*, 271 Wis.

113, 119, 72 N.W.2d 706 (1955); *Smith v. Plankinton de Pulaski*, 71 Wis. 2d 251, 257, 238 N.W.2d 94 (1976). Rather, the decision to grant or deny a continuance lies within the discretion of the trial court. *Allen v. Allen*, 78 Wis. 2d 263, 274–75, 254 N.W.2d 244 (1977); *In Interest of D.H.*, 76 Wis. 2d 286, 300, 251 N.W.2d 196 (1977). Accordingly, the trial court's ruling on this issue will be set aside only if there is evidence of an abuse of discretion. *In re Guardianship of Schmidt*, 71 Wis. 2d 317, 320–21, 237 N.W.2d 919 (1976); *Page v. American Family Mutual Insurance Co.*, 42 Wis. 2d 671, 677, 168 N.W.2d 65 (1969). An abuse of discretion exists if the trial court failed to exercise its discretion or if there was no reasonable basis for its decision. *Wisconsin Public Service Corp. v. Krist*, 104 Wis.2d 381, 395, 311 N.W.2d 624 (1981); *McCleary v. State*, 49 Wis. 2d 263, 278, 182 N.W.2d 512 (1971). Based on the record in this case, we conclude that the trial court did not abuse its discretion in denying defense counsel's motion for a continuance.

The court of appeals held that the trial court failed to exercise its discretion. According to the appellate court, "[t]he trial court simply assumed that the unexplained absence of the defendant was an attempt to avoid trial and an indication of a lack of defense." We disagree. The record indicates that the trial court considered factors relevant to the motion for the continuance, including the motive for Pohlhammer's absence and the cost of a delay. Therefore, its decision to deny the continuance was an exercise of discretion.

Furthermore, there was a reasonable basis for the court's decision. This court has held that where there is no good cause for a defendant's absence from trial, a motion to continue the case on that basis may be properly denied. *Schweitzer v. Doepke*, 195 Wis. 341, 343, 218 N.W. 188 (1928). *Allis and Others v. The Meadow Spring Distilling Co.*, 67 Wis. 16, 21, 29 N.W. 543 (1886). This is particularly true when the real purpose in moving for a

continuance is to delay the trial. *Estate of Hatten,* 233 Wis. 256, 263, 289 N.W. 630 (1940). In the instant case the trial court was not satisfied that there was good cause for Pohlhammer's absence. The record indicates that both the court and defense counsel informed Pohlhammer that the case had been transferred for immediate trial. Nevertheless, Pohlhammer left and did not return. Based upon these facts, the trial court concluded that Pohlhammer purposely absented himself to avoid trial. The court reaffirmed this conclusion in denying Pohlhammer's motion for a new trial. Although Pohlhammer submitted an affidavit which stated that, because of a hearing disorder, he did not hear or understand that the trial was to be held that day, the court noted that he never explained what he thought was going to happen to his case.

We find that the trial court reasonably exercised its discretion in denying the continuance. Thus the trial court's ruling must be affirmed.

## II.

Sec. 814.025, Stats., empowers a court to assess reasonable attorney fees against an attorney who presents a frivolous defense. Sec. 814.025 provides:

"**814.025 Costs upon frivolous claims and counter claims.** (1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

"(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or

counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

"(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

"(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

"(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

To find a position frivolous under subsection (3) (a), the court must, using a subjective standard, determine that the defense was presented in bad faith. By contrast, we have held that a finding of frivolousness under subsection (3) (b) shall be based on an objective standard. *Sommer v. Carr,* 99 Wis. 2d 789, 797, 299 N.W. 2d 856 (1981). The test is "whether the attorney knew or should have known the position taken was frivolous as determined by what a *reasonable attorney* would have known or should have known under the same or similar circumstances." *Id.* at 799. (Emphasis in original.)

In the instant case defense counsel introduced no direct evidence. Based on this fact, the trial court found that the defense was frivolous under sec. 814.025(3)(b), Stats. According to the court, defense counsel knew or should have known that the defense was "without reasonable basis in law or in equity and could not be supported by good faith extension, modification, or reversal of existing law." The court ordered defense counsel to pay $220 in attorney fees.

The trial court's finding that the defense was frivolous is against the great weight and clear preponderance of the evidence. *Sommer v. Carr*, 99 Wis. 2d at 792. Defense counsel's decision to proceed, notwithstanding the lack of affirmative evidence, does not in itself establish that the defense was frivolous. Pohlhammer pleaded a defense which had a reasonable basis in law and equity. The answer alleged that Pohlhammer was not liable for the premium because he cancelled the application for insurance. Defense counsel was unable to offer affirmative evidence to support the defense due to the disappearance of his only witness (Pohlhammer). Rather than accept a default judgment, defense counsel elected to defend the case solely through cross-examination. We cannot say that a reasonable attorney would or should have known that attempting to prove the defense through cross-examination alone would be frivolous. Conceivably, an attorney could present a defense without introducing direct evidence. Any material or relevant matters may be inquired into on cross-examination. *Rogers v. State*, 93 Wis. 2d 682, 689, 287 N.W.2d 774 (1980). Thus defense counsel could reasonably have believed that he could establish the defense without his witness. Defense counsel did, in fact, attempt to elicit testimony supporting the defense. He conducted a thorough cross-examination regarding, among other things, whether Robertson-Ryan had received a telephone call from Pohlhammer cancelling the insurance application. Even the trial court commended defense counsel's efforts, stating: "If my client left me, I don't think I would put up a fight, and it is to Mr. Barrock's credit that he did."

We conclude that the defense presented was not frivolous within sec. 814.025, Stats. Therefore, the trial court improperly assessed attorney fees against defense counsel.

*By the Court.*—The decision of the court of appeals is reversed in part, affirmed in part.

WILLIAM G. CALLOW, J. *(concurring)*. The dissent demonstrates either a lack of understanding or an unwillingness to recognize the problems facing the trial judiciary in moving its calendar. In counties throughout the state of Wisconsin, there are tremendous backlogs of cases. In order to expedite the resolution of these controversies, circuit court judges often schedule two or more trials each day. This system maximizes judicial resources by allowing a judge to hear a second case almost immediately after disposing of the first. Strict adherence to the trial schedule is necessary to ensure that all legal controversies are resolved as quickly as possible. A deviation should be allowed only for a good cause.

Although the dissent does not assert that Pohlhammer's absence was for a good cause, it nevertheless faults the trial court for proceeding with the case as scheduled rather than granting defense counsel a continuance. The dissenter's position appears to be that, simply because a seemingly valid defense was pled, Pohlhammer's unexplained absence should have been excused and a continuance granted. No concern was expressed for the work load of the circuit court or the costs and inconvenience a delay would impose upon Robertson-Ryan and subsequent litigants. I believe the dissent espouses unsound policy by ignoring these concerns and focusing solely upon the errant defendant's interests. A proper balance must be struck among all these factors. The trial judge did not abuse his discretion in denying the continuance.

I am authorized to state that JUSTICES DONALD W. STEINMETZ and LOUIS J. CECI join in this concurring opinion.

SHIRLEY S. ABRAHAMSON, J. (dissenting). I would affirm the decision of the court of appeals holding that the trial court abused its discretion in not granting a continuance.

The majority's statement of the facts does not give a full picture of the events on the morning in question. The record shows that the trial court was very irritated that the defendant's absence caused it to try a case that it had failed to settle and that it had arranged to be removed to another judge for trial. It is clear that the trial court simply assumed that even though the defendant had been present earlier in the morning for a settlement conference, his unexplained absence proved that he did not have a valid defense and that he was attempting to avoid a trial. There is nothing in the record to justify this assumption, as the majority fully reveals when it states that the trial court's finding that the defense was frivolous was against the great weight and clear preponderance of the evidence.* *Supra,* p. 250. The majority holds that the defendant "pleaded a defense which had a reasonable basis in law and equity." *Supra,* p. 250. If the defense was

---

* Sec. (Rule) 805.17(2), Stats. 1981–82, provides that findings of fact made by a trial court sitting without a jury "shall not be set aside unless clearly erroneous." Although the court frequently uses the phrase "great weight and clear preponderance" instead of "clearly erroneous," our cases explaining the great weight and clear preponderance test in cases tried to a judge show that the two tests are in this state really the same. *See Korb v. Schroedel,* 93 Wis. 2d 207, 213, 286 N.W.2d 803 (1980); *Estate of Larsen,* 7 Wis. 2d 263, 274, 96 N.W.2d 489 (1959); *State ex rel. Isham v. Mullaly,* 15 Wis. 2d 249, 255, 112 N.W.2d 701 (1961). For a discussion of the historical roots of the "clearly erroneous" test and its application in the federal courts, *see* 5A *Moore's Federal Practice* par. 52.02, pp. 264 ff. (1982); 9 Wright and Miller, *Federal Practice,* sec. 2571, pp. 681 ff. (1971). *See also Wilkinson v. Wilkinson,* 59 Wis. 554, 560, 18 N.W.2d 513 (1884), and *Paterson v. Paterson,* 73 Wis. 2d 150, 154, 242 N.W.2d 907 (1976), for the development of the "great weight and clear preponderance" test in equity jurisdiction.

"pleaded," the trial court was obviously on notice that the defendant had not left the courtroom because he had no defense.

For the same reasons that the majority concludes that the trial court's finding of a frivolous defense was against the great weight and clear preponderance of the evidence, the majority should conclude, as I do, that the trial court abused its discretion in failing to grant a continuance in this case.

Even if the trial court's assumption was correct that the defense was frivolous, the trial court abused its discretion in failing to grant defense counsel the courtesy of giving him time to find his client during a lunch recess. Operating under its unfounded assumption that the defense was frivolous, the trial court held defense counsel's feet to the fire and relentlessly pushed the trial forward. The trial began at about 11 a.m. and defense counsel requested a continuance until 2 p.m. The trial court denied the request. The trial proceeded. The plaintiff completed its case at 12:30 p.m., the court not having called a noon recess, and defense counsel requested a recess until 2 p.m. to produce his client to testify. The trial court denied the request, continuing through the court's normal lunch hour, stating:

"Mr. Barrock, your witness, Mr. Pohlhammer, the defendant in this case, voluntarily absented himself from the courthouse, we had two judges ready, willing and able to handle this matter, you have wasted an hour and a half here and I am not going to adjourn the matter now, if the man doesn't want to appear, that's his business."

The trial court then announced its decision.

I dissent because the majority's correct conclusion that the defense was meritorious contradicts its conclusion that the trial court did not abuse its discretion in refusing to grant a continuance. I also dissent because I believe it was an abuse of discretion in this case to refuse to grant a continuance over the normal lunch hour.