IN the MATTER OF the ESTATE OF A.J.
OLSON, a/k/a Arthur J. Olson, Deceased:
Mozelle OLSON, Appellant,†

v.

Harvey C. DUNBAR, Personal Representative of
the Estate, Respondent.

Court of Appeals

*No. 87-1409. Submitted on briefs January 17, 1989.—Decided
February 8, 1989.*

(Also reported in 440 N.W.2d 792.)

† Petition to review denied.

On behalf of the appellant the cause was submitted on the briefs of *T. Christopher Kelly* of Madison.

On behalf of the respondent the cause was submitted on the brief of *William L. Seymour* of *Seymour,*

*Kremer, Nommensen & Morrissy* of Elkhorn and *John O. Olson* of *Braden & Olson* of Lake Geneva.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

PER CURIAM. Mozelle Olson (Mozelle) appeals from judgments entered in the estate of her late husband, A.J. Olson (A.J.). On appeal, she raises a variety of issues. We hold that the first of the judgments she here appeals from was final and should have been appealed from some years ago. Accordingly, we dismiss that part of her appeal arising from that judgment. We are unpersuaded by her remaining issues and affirm the other judgment.

Mozelle and A.J. decided to marry in 1981. Some months before the ceremony, they entered into a premarital agreement in which both agreed, *inter alia,* to release their rights of elections against each other's wills. The assets to which Mozelle was entitled under this agreement were set forth in a codicil to A.J.'s will.

A.J. died in July, 1983, and a petition for probate of his will and codicil was filed in August, 1983. On September 8, 1983, Mozelle filed a spouse's election to take her statutory share. On September 27, 1983, Mozelle filed a petition to have the prenuptial agreement deemed null and void, claiming that she did not fully understand it when she signed it. On September 17, 1984, the circuit court issued a judgment denying her petition and dismissing that action on the merits. Mozelle moved for a new trial on her petition. After a hearing, her motion was denied by order on October 30, 1984. Mozelle did not appeal at that time from either the judgment or the order.

A final account was filed on behalf of the estate on February 18, 1986. Mozelle objected to that final account by motion. A hearing was held on June 10,

1987, which Mozelle did not attend because she was allegedly hospitalized in Lima, Ohio at that time. The trial court was informed of Mozelle's hospitalization by phone on June 9 and by letter on June 10. The trial court granted a default judgment based on Mozelle's nonappearance, approved the final account and further determined that Mozelle's claims against the estate were frivolous. Mozelle appeals.

We first address two of Mozelle's claims which arise out of the circuit court judgment dismissing Mozelle's petition to set aside her premarital agreement. We agree with the argument of the personal representative that this judgment was a final, appealable judgment which was not timely appealed from. Accordingly, we do not address these two of Mozelle's claims on the merits, but rather dismiss that part of the appeal arising from this judgment.[1]

■

The standard for the appealability of a judgment or order is set forth in sec. 808.03(1), Stats.: "A final judgment or final order is a judgment or order ... which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding." Probate is a series of special proceedings. *In re Estate of Goldstein,* 91 Wis. 2d 803, 810, 284 N.W.2d 88, 92 (1979); *see also In re Estate of McCoy,* 118 Wis. 2d 128, 133, 345 N.W.2d 519, 523 (Ct. App. 1984).

---

[1]This court, by order of August 25, 1988, denied the personal representative's motion to dismiss that part of the appeal arising from the judgment concerning the prenuptial agreement. Upon our review of the entire record now before us, we conclude that it was error to have denied that motion. Accordingly, we hereby vacate our order of August 25, 1988.

Mozelle's effort to have the premarital agreement declared void began with a petition; the resulting judgment disposed of the matters raised in the petition. We are persuaded that this special proceeding, although occurring within the confines of the larger probate proceeding, nevertheless satisfies the statutory requirement of disposing of the "entire matter in litigation as to one or more of the parties . . . ." *See* sec. 808.03(1), Stats.

Mozelle's petition to have the premarital agreement declared void functions as would a petition for construction of a will: both serve to clarify and declare rights of would-be beneficiaries and both must be resolved well before the personal representative can render his or her final account and be discharged. We note that cases decided by both the supreme court and this court since the adoption of the current appealability standard found in sec. 808.03, Stats.[2] have allowed appeals from judgments construing wills. *See, e.g., In re Estate of Graef,* 124 Wis. 2d 25, 368 N.W.2d 633 (1985); *In re Estate of Hillman,* 122 Wis. 2d 711, 363 N.W.2d 588 (Ct. App. 1985). While neither of these cases addresses the question of appealability, it is evident from the procedural status of each that the appeals were taken as appeals of right while the probates of the wills continued.

We therefore conclude that the judgment upholding the premarital agreement was a final, appealable document for purposes of sec. 808.03, Stats. No appeal was timely taken from it; that part of the appeal before us which arose from that judgment is dismissed.

---

[2]Section 808.03, Stats., was created by sec. 117, ch. 187, Laws of 1977. It went into effect on August 1, 1978. *See* sec. 138, ch. 187, Laws of 1977.

Mozelle's remaining issues either arise from an interlocutory order striking various of Mozelle's objections to the final account or arise directly from the judgment and order approving the final account. An appeal from a final judgment brings before this court all prior nonfinal orders adverse to the appellant made in the proceeding and not previously appealed and ruled upon. *See* sec. 809.10(4), Stats. We deem these issues waived for Mozelle's failure to raise them first in the trial court.

The day before the hearing on the final account, the register in probate received a telephone call that Mozelle was in the hospital. The day of the hearing, the court received a letter from Mozelle's Ohio counsel which detailed the particulars of her hospitalization. The record reveals no evidence of any motion for a continuance. The circuit court found Mozelle in default and rendered judgment against her. The record reveals no evidence of any motion to reopen that default judgment under sec. 806.07, Stats.

A continuance is not a matter of right. *Robertson-Ryan & Assocs. v. Pohlhammer,* 112 Wis. 2d 583, 586, 334 N.W.2d 246, 249 (1983). For an appellant to claim, on appeal, that he or she should have been granted a continuance, there must be evidence of a formal motion that would provide the foundation for that claim. *See Smith v. Plankinton de Pulaski,* 71 Wis. 2d 251, 258, 238 N.W.2d 94, 98–99 (1976). No such motion, formal or otherwise, here exists.

Further, after the default judgment was granted, Mozelle evidently made no attempt to have the trial court reopen the judgment. A decision to vacate a

default judgment is addressed to the discretion of the trial court. *See Martin v. Griffin,* 117 Wis. 2d 438, 442, 344 N.W.2d 206, 209 (Ct. App. 1984). Here, the trial court was never given the opportunity to exercise that discretion. This court may not exercise the discretion vested in the trial court. *See In re Cherokee Park Plat,* 113 Wis. 2d 112, 125, 334 N.W.2d 580, 587 (Ct. App. 1983).

In sum, we deem these issues waived for Mozelle's failure to seek a continuance from the trial court and her failure to seek relief, in the trial court, from the resultant default judgment. The burden is upon the party alleging error to establish by reference to the record that the error was specifically called to the attention of the trial court. *Allen v. Allen,* 78 Wis. 2d 263, 270, 254 N.W.2d 244, 248 (1977). As a general rule, we will not decide a matter not presented to the trial court. *See Cherokee Park Plat,* 113 Wis. 2d at 126, 334 N.W.2d at 587. We are unpersuaded that justice would be served by our doing so here.

*By the Court.*—Judgment affirmed; appeal dismissed in part.