In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Glenn J. BLISE, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Glenn J. BLISE, Respondent-Appellant.

Supreme Court

*No. 2007AP2604–D. Submitted on briefs February 23, 2010.
—Decided May 12, 2010.*

2010 WI 34

(Also reported in 782 N.W.2d 407.)

309

310

For the respondent-appellant there were briefs by *Glenn J. Blise.*

For the complainant-respondent there was a brief by *Robert G. Krohn and Roethe Pope Roethe LLP,* Edgerton, on behalf of the Office of Lawyer Regulation.

¶ 1. PER CURIAM. Attorney Glenn J. Blise appeals the referee's report recommending a public reprimand, together with restitution and costs. The Office of Lawyer Regulation (OLR) filed a six-count complaint against Attorney Blise alleging misconduct with respect to one client matter. John R. Decker was appointed referee. Referee Decker concluded the OLR met its burden to prove four counts, three of which involve Attorney Blise's failure to properly communicate with his client and a fourth charging his failure to refund an unearned fee. Referee Decker concluded, however, that two counts alleging failure to disclose facts and provide information during the OLR investigation should be dismissed due to lack of proof.

¶ 2. Attorney Blise raises one issue. He contends the referee erroneously exercised his discretion in denying Attorney Blise's request to adjourn the disciplinary hearing when Attorney Blise was suffering the effects of chemotherapy.

¶ 3. Our review of the denial of an adjournment motion is confined to whether the record supports the referee's exercise of discretion. While we may have ruled differently, we do not set aside the referee's

decision to deny the motion, given the narrow scope of appellate review and the record before us. The referee's findings of fact and conclusions of law as to misconduct are unchallenged; we uphold them on appeal. We impose a public reprimand, restitution, and costs.

¶ 4. Attorney Glenn Blise was admitted to practice law in Wisconsin in 1988. He has practiced law in Kenosha. In 2003 Attorney Blise was publicly reprimanded for failing to communicate with clients. *See* Public Reprimand of Glenn J. Blise, No. 2003–18.

¶ 5. The OLR's complaint charges misconduct arising from Attorney Blise's 2002 criminal defense of his client, S.W. Following the disciplinary hearing, the referee concluded the OLR proved four of the six alleged violations, as follows:

- By failing to communicate with S.W. about the status of his case and failing to promptly comply with reasonable requests for information with respect to the post-conviction relief efforts, Attorney Blise violated SCR 20:1.4(a);[1]

- By failing to respond to repeated requests from S.W. to discuss the status of his appeal, and by assuming without confirmation or explanation that S.W. did

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to Chapter 20 of the Wisconsin Supreme Court Rules will be to those in effect prior to July 1, 2007.

SCR 20:1.4(a) provided, "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

313

not wish to risk further proceedings after a success-
ful appeal, Attorney Blise failed to explain a matter
to the extent reasonably necessary to permit the
client to make informed decisions in violation of
SCR 20:1.4(b);[2]

- By failing to give reasonable notice to S.W. that
  Attorney Blise was abandoning appellate efforts,
  and by not allowing time for other counsel to be
  employed before the appeal deadlines were missed,
  Attorney Blise failed to take steps reasonably prac-
  ticable to protect a client's interests, contrary to
  SCR 20:1.16(b);[3]

- By failing to refund the $5,000 portion of the fee not
  earned at the time he abandoned his representation
  of S.W., Attorney Blise failed to refund an advance
  payment of a fee that had not been earned, contrary
  to SCR 20:1.16(d).[4]

¶ 6.  The referee concluded, however, the OLR had
not established two counts alleging misconduct during
the course of the OLR investigation. The referee rec-
ommends dismissal of those two counts. As discipline,

---

[2] SCR 20:1.4(b) stated, "A lawyer shall explain a matter to
the extent reasonably necessary to permit the client to make
informed decisions regarding the representation."

[3] SCR 20:1.16(b) provided, in part, "Except as stated in
paragraph (c), a lawyer may withdraw from representing a
client if withdrawal can be accomplished without material
adverse effect on the interests of the client, . . . ."

[4] SCR 20:1.16(d) stated:

> Upon termination of representation, a lawyer shall take steps
> to the extent reasonably practicable to protect a client's interests,
> such as giving reasonable notice to the client, allowing time for
> employment of other counsel, surrendering papers and property to
> which the client is entitled and refunding any advance payment of
> fee that has not been earned or incurred. The lawyer may retain
> papers relating to the client to the extent permitted by other law.

the referee recommends a public reprimand. The referee also recommends Attorney Blise pay $5,000 restitution to S.W. for the unearned fees and the costs of this proceeding.

¶ 7. The sole issue on appeal is whether Referee Decker erroneously exercised his discretion in denying Attorney Blise's motion to adjourn the disciplinary hearing. Accordingly, we review the record to examine the events surrounding the scheduling of the disciplinary hearing.

¶ 8. The OLR filed the disciplinary complaint against Attorney Blise in November 2007. The disciplinary hearing was initially set for October 6, 2008. In September 2008 Attorney Blise was diagnosed with a malignant brain tumor and was scheduled to undergo emergency surgery. As a result, the referee adjourned the October 6, 2008, hearing. The referee held proceedings in abeyance pending a determination of Attorney Blise's post-surgical condition.

¶ 9. A scheduling conference was held on January 21, 2009. Attorney Blise was undergoing chemotherapy at the time. At the scheduling conference, Attorney Blise stated that because he never knows how chemotherapy will affect him, he may need flexibility with respect to scheduling the hearing date.[5] With that said, the parties agreed the disciplinary hearing could be set for Monday, March 23, 2009.

¶ 10. On March 19, 2009, the Thursday before the hearing, Attorney Blise alerted the OLR's counsel that his chemotherapy schedule had been altered and he was

---

[5] The parties have not provided the court with a record of the January 21, 2009, scheduling conference; we accept Attorney Blise's statement in his appellate brief that he had made this statement.

315

suffering from the effects of chemotherapy. Attorney Blise requested an adjournment of the March 23 hearing, anticipating he would not be feeling well enough to participate. The next day, March 20, in a three-way telephone conference with counsel, the referee declined to rule on the adjournment request due to the short notice, the inability to make a record, and the possibility that Attorney Blise's condition would change by the following Monday.

¶ 11. On Monday, March 23, 2009, at the outset of the scheduled disciplinary hearing, the referee considered the parties' arguments regarding adjournment. The OLR registered its objection, noting that Attorney Blise had provided a medical update in January 2009 advising he had resumed, in some form, the practice of law and had agreed the disciplinary hearing could be scheduled. The OLR's counsel explained he was sympathetic to Attorney Blise's suffering from recovery from cancer, yet no medical confirmation of the problems associated with the effects of chemotherapy had been received. The OLR acknowledged Attorney Blise stated on the telephone he had been suffering from diarrhea, nausea, and some vertigo. The OLR stated, however, it was unclear whether these symptoms affected Attorney Blise's ability to participate by telephone. The OLR observed Attorney Blise was not hospitalized, did not seem disabled, and coherently articulated his position. The OLR stated Attorney Blise's demeanor on the telephone indicated he appeared quite capable of defending himself.

¶ 12. The OLR argued it had not been totally heartless and had suggested many accommodations. The OLR noted it had offered Attorney Blise the choice of the hearing location and a delayed starting time. Also, the OLR said, Attorney Blise should be afforded

whatever breaks he needed. In addition, the OLR agreed to forego questioning Attorney Blise if he would agree his deposition transcript could be received as evidence. The OLR said Attorney Blise showed no interest in the suggested accommodations and simply stated he would not participate in the hearing.

¶ 13. The OLR pointed out that two witnesses had traveled from the Kenosha and Chicago areas to attend the hearing, had been waiting for the hearing for some time and, because of the claim for restitution, the hearing encompassed more than simply discipline. The OLR argued that Attorney Blise's position—that he would need to choose the day to schedule the hearing according to his chemotherapy schedule—essentially afforded him the power to veto any day that would be scheduled. The OLR suggested the matter should proceed and, if Attorney Blise wished to cross-examine witnesses by telephone, the OLR had no objection.

¶ 14. Attorney Blise responded he would obtain a doctor's excuse for not participating in the hearing that day. Attorney Blise said it had been six months since his surgery and he would be undergoing chemotherapy until the end of the year. He advised he would never know beforehand how chemotherapy would affect his ability to participate. He stated he had telephoned the OLR the previous week to advise he was not feeling well, in order to avoid witnesses having to travel unnecessarily from out of town.

¶ 15. Attorney Blise explained that while he may have felt well enough to participate for a short time, he was concerned with the length of the hearing, which could last the whole morning. He noted he had the right to testify on his own behalf and intended to exercise that right. He explained that due to his symptoms, he anticipated he would need frequent breaks and would

317

be distracted by his discomfort. He requested the hearing be rescheduled for sometime in April 2009, and wished to have flexibility with respect to setting the hearing date due to his chemotherapy regimen.

¶ 16. The referee determined the record was inadequate to justify the type of adjournment Attorney Blise had proposed. The referee ruled that Attorney Blise should proceed on the speakerphone and, if he needed breaks, he should not hesitate to take them. Attorney Blise replied he would not proceed and would obtain medical verification that he was not fit to participate that morning. The referee proceeded to conduct the hearing in Attorney Blise's absence.

¶ 17. The following day, Attorney Blise submitted a letter requesting the referee excuse his absence from the hearing, and stating he would be able to proceed in the future as long he could have two weeks after his chemotherapy to deal with its unpleasant side effects. His letter was accompanied by his doctor's medical verification, dated March 23, stating:

> This is to certify that Glenn Blise is currently under my care for treatment of his brain tumor. He is receiving monthly chemotherapy, the last cycle of which was delayed related to low blood counts. Please excuse him from the hearing that he had scheduled on March 23, 2009. Please work with Glenn in regards to scheduling required hearings around his monthly chemotherapy schedule.

¶ 18. On April 6, 2009, the OLR submitted a post-hearing brief and cover letter, noting its brief was in keeping with the referee's directions following the March 23 hearing. The OLR provided copies of the letter and brief to Attorney Blise. Attorney Blise did not submit a post-hearing brief.

¶ 19. On May 27, 2009, this court requested the referee to provide a status update. Copies of the request for a status update were sent to the parties. The next docket entry is August 12, 2009, at which time the referee filed his report and recommendation.

¶ 20. In his report, Referee Decker concluded that Attorney Blise had not provided a medical justification for his absence from the hearing. The referee found, "The doctor's letter did not advise that [Attorney] Blise's medical condition precluded his participation in that day's hearing or otherwise describe medical limitations on his activities." The referee noted Attorney Blise had appeared pro se throughout the disciplinary proceedings. The referee concluded Attorney Blise's absence from the hearing was not justified. The referee made findings and conclusions in support of the four counts of professional misconduct and recommended a public reprimand be imposed.

¶ 21. On appeal, Attorney Blise argues his medical condition warranted an adjournment. He states that during his treatment he experiences the side effects often suffered by cancer patients, such as nausea, diarrhea, weakness, fatigue, and vomiting. He contends his chemotherapy in March 2009 had been rescheduled, which meant he would be experiencing the side effects during the week of March 23, 2009.

¶ 22. Attorney Blise says that after the March 20 telephone conference, he understood the purpose of the March 23 hearing would be to make a record for the adjournment. He believed that by securing a doctor's explanation for his absence, a future hearing date could be set. Attorney Blise states his discomfort after chemotherapy causes him to lose focus and to be unable to participate effectively during the hearing. As a result,

he argues, the OLR's accommodations offered little in the way of realistic alternatives, given the circumstances.

¶ 23.   Attorney Blise objects to proceeding without the opportunity to cross-examine witnesses or testify on his own behalf.[6] He argues that cross-examination in person, as opposed to by telephone, is significant. He says he offered an alternative date as early as April 2009 but, instead, counsel and the referee plowed forward without allowing him to participate. He asks the record be reopened to permit him to cross-examine the witnesses and to testify on his own behalf.

¶ 24.   In reviewing a referee's decision on an adjournment request, we apply the same standards an appellate court employs when reviewing a circuit court's decision. The referee's role is the same as that of a trial judge in a civil action. *See In re Disciplinary Proceedings Against Haberman,* 128 Wis. 2d 390, 382 N.W.2d 439 (1986). The referee has the powers of a judge trying a civil case and conducts the hearing as a trial of a civil action to the court. *See* SCR 22.16(1). The rules of civil procedure and evidence apply. *Id.*

¶ 25.   As in a civil trial, the grant of an adjournment in an attorney disciplinary hearing is a matter of discretion and, to overturn the referee's ruling, prejudice must be shown.

> A continuance delaying a trial is not a matter of course. An adjournment must be warranted, and a request for such adjournment is "... always addressed to the sound

---

[6] The referee accepted Attorney Blise's deposition testimony into evidence.

discretion of the trial court, and prejudice must be made to appear in order to set aside its ruling thereon."

*Smith v. Plankinton de Pulaski,* 71 Wis. 2d 251, 257, 238 N.W.2d 94, 98 (1976) (citations omitted).

■

¶ 26. Appellate review of a discretionary decision is deferential: "We will sustain a discretionary decision so long as the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Indus. Roofing Serv., Inc. v. Marquardt,* 2007 WI 19, ¶ 84, 299 Wis. 2d 81, 726 N.W.2d 898.

¶ 27. There is no dispute that at the time of his adjournment request, Attorney Blise was undergoing chemotherapy for cancer. There is no dispute he could not anticipate how he would respond to his treatments. As Attorney Blise stated, the effects of chemotherapy cause discomfort, including diarrhea, nausea, and vertigo. Attorney Blise was certainly entitled to accommodations as well as understanding with respect to the challenges he faces while making his recovery. We sympathize with the challenges Attorney Blise faces with treatment and very well may have ruled differently. Our role on appeal, however, is not to substitute our discretion for that of the referee. *See* SCR 22.16(1). We must examine the record to determine whether a rational basis exists for the referee's decision to proceed.

■

¶ 28. The record reflects the referee's understanding that Attorney Blise was undergoing treatment of a very dangerous disease and experiencing the discomfort and difficulties associated with chemotherapy. The ref-

eree had postponed the disciplinary hearing from October 6, 2008, to March 23, 2009, when it was rescheduled with Attorney Blise's cautious agreement. We conclude the referee was entitled to find that the medical verification did not address whether Attorney Blise was medically incapacitated and unable to participate in the March 23 hearing. Also, we conclude the referee was entitled to conclude the medical verification did not support Attorney Blise's proposal to adjourn subject to postponement due to the unpredictable treatment schedule and its effects. The record indicates the referee understood the effects of chemotherapy would cause discomfort, be distracting, and were unpredictable. However, the record also demonstrates the referee's consideration of the obligation to balance the needs of Attorney Blise with those of the lawyer regulation system, the grievant, and the witnesses. The record shows the OLR and the referee were willing to accommodate Attorney Blise's discomfort by permitting a choice of hearing location, a delayed starting time, frequent breaks as requested, and participation by telephone. We conclude the record fails to reveal the referee erroneously exercised his discretion.

¶ 29. Attorney Blise argues the proposed accommodation of a telephone hearing was prejudicial, however, because it would eliminate his opportunity to cross-examine witnesses in person. Attorney Blise does not, however, identify what fact-finding is disputed. He does not indicate what defense he would have raised. He submitted no post-hearing brief challenging the OLR's arguments. He made no offer of proof and does not suggest any evidence he would submit if granted a new hearing. In the absence of a demonstrated factual dispute, we conclude Attorney Blise does not show

prejudice by the referee's order denying a second adjournment. *See Smith v. Plankinton de Pulaski*, 71 Wis. 2d at 257 ("prejudice must be made to appear in order to set aside" the court's denial of an adjournment). As a result, we decline to set aside the referee's determination. We approve and adopt the referee's findings of fact and conclusions of law as to four counts of misconduct, which are unchallenged on appeal.

¶ 30. We independently determine the appropriate discipline. *See In re Disciplinary Proceedings Against Reitz*, 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. We consider the seriousness of the misconduct, the need to protect the public, courts, and legal system from the repetition of misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from engaging in similar misconduct. *See In re Disciplinary Proceedings Against Arthur*, 2005 WI 40, ¶ 78, 279 Wis. 2d 583, 694 N.W.2d 910. Upon our independent review, we are satisfied the recommended sanction of a public reprimand is appropriate discipline for the four counts of misconduct. We further conclude the record supports the referee's recommendation of $5,000 restitution for unearned attorney fees.

¶ 31. We determine Attorney Blise shall pay the costs of this proceeding. Under SCR 22.24(1m),[7] the court's general policy is to impose costs on the respon-

---

[7] SCR 22.24(1m) reads, in part:

The court's general policy is that upon a finding of misconduct it is appropriate to impose all costs, including the expenses of counsel for the office of lawyer regulation, upon the respondent. In cases involving extraordinary circumstances the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent.

dent. To award less than full costs, the court must find "extraordinary circumstances." *Id.* Attorney Blise has not objected to costs, has not claimed extraordinary circumstances to justify a reduction, and has not requested a deferment of his obligation to pay costs.[8]

¶ 32. IT IS ORDERED that Glenn J. Blise be publicly reprimanded for his professional misconduct.

¶ 33. IT IS FURTHER ORDERED that Glenn J. Blise pay restitution in the total sum of $5,000 to S.W. If the restitution is not paid within 60 days of this order, Glenn J. Blise's license to practice law in Wisconsin shall be suspended until further order of the court.

¶ 34. IT IS FURTHER ORDERED that within 90 days of the date of this order, Glenn J. Blise pay to the Office of Lawyer Regulation the costs of this proceeding. If costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, Glenn J. Blise's license to practice law in Wisconsin shall be suspended until further order of the court.

¶ 35. IT IS FURTHER ORDERED that the restitution is to be paid in full prior to paying costs to the Office of Lawyer Regulation.

---

[8] On February 25, 2010, the OLR filed a statement seeking costs of $12,308.38. Attorney Blise has filed no objection as to costs.