FITZPATRICK, J.[1]
¶1 Steven Peplinski appeals from a judgment of conviction and an order denying his motion for reconsideration entered by the Jackson County Circuit Court. A jury found Peplinski guilty of disorderly conduct in violation of a Jackson County ordinance. Peplinski contends that the circuit court erred by denying his motions for a continuance. Additionally, Peplinski claims that he was denied a fair trial because the circuit court prevented him from introducing certain evidence and because his indigent status prevented him from subpoenaing witnesses. Peplinski further contends that the circuit court erred by denying his motion for reconsideration in which he alleges that one of the witnesses at trial perjured himself. Because I conclude that each argument advanced by Peplinski is undeveloped or lacks any merit, I affirm the judgment of conviction and the order denying Peplinski's motion for reconsideration.
BACKGROUND
¶2 The following facts are undisputed.[2]
¶3 Peplinski was involved in a verbal and physical altercation with Kevin Mortenson in Jackson County in July 2018. Peplinski was issued a citation for disorderly conduct. Peplinski demanded a trial by jury, which was scheduled for December 2018.
¶4 In October 2018, Peplinski requested a continuance so that law enforcement investigations unrelated to the disorderly conduct citation could be completed prior to trial. The circuit court denied that motion because Peplinski had demanded a speedy trial and the offense had occurred in July. The Jackson County Citation Clerk informed Peplinski by letter that the trial date would not be rescheduled.
¶5 In November 2018, Peplinski requested a continuance so that the public defender could appoint counsel for him. The circuit court denied that motion because the case involved a noncriminal, civil forfeiture offense which does not form the basis for a public defender appointment, and Peplinski had five months to obtain representation.
¶6 In December 2018, a jury trial was held as originally scheduled, and the jury found Peplinski guilty of disorderly conduct. The circuit court entered a judgment of conviction and ordered Peplinski to pay a civil forfeiture.
¶7 In January 2019, Peplinski filed a motion for reconsideration. Peplinski alleged that Mortenson, who testified at trial, perjured himself. Peplinski further alleged that he was "waiting for the Sheriff's Department to investigate" certain unidentified complaints. The circuit court denied Peplinski's motion, concluding that he had not offered any proof to support the allegation of perjury or demonstrated any likelihood that the jury would have returned a verdict in his favor but for Mortenson's testimony.
¶8 Peplinski appeals from the judgment of conviction and the order denying his motion for reconsideration.
DISCUSSION
¶9 Peplinski raises three arguments on appeal. First, Peplinski contends that the circuit court erroneously exercised its discretion by denying his pre-trial motions for a continuance to allow law enforcement to complete an investigation and to allow Peplinski to obtain counsel. Peplinski next claims that he was denied a fair trial because the circuit court refused to permit him to introduce evidence that Mortenson assaulted other individuals, and his indigent status prevented him from subpoenaing witnesses. Lastly, Peplinski contends that the circuit court erroneously exercised its discretion by denying his motion for reconsideration because Mortenson allegedly perjured himself while testifying at trial, and law enforcement failed to investigate the alleged perjury. I address and reject each of Peplinski's contentions in that order.
¶10 Peplinski argues that the circuit court erroneously exercised its discretion by denying his motions for a continuance. Under Wisconsin law, "a continuance is not a matter of right," and "the decision to grant or deny a continuance lies within the discretion of the trial court." Robertson-Ryan & Assocs., Inc. v. Pohlhammer , 112 Wis. 2d 583, 586-87, 334 N.W.2d 246 (1983). This court reviews the circuit court's decision to deny a continuance under the erroneous exercise of discretion standard. See id. at 587. A circuit court properly exercises its discretion "if the court makes a rational, reasoned decision and applies the correct legal standard to the facts of record." Hokin v. Hokin , 231 Wis. 2d 184, 190, 605 N.W.2d 219 (Ct. App. 1999).
¶11 In determining whether to grant or deny a continuance, the circuit court must balance "the defendant's right to adequate representation and the public interest in the prompt and efficient administration of justice ...." State v. Wollman , 86 Wis. 2d 459, 470, 273 N.W.2d 225 (1979). The circuit court must consider relevant factors, including the length of the delay requested; whether other continuances had been requested and received; the convenience or inconvenience to the parties, witnesses, and court; and whether the delay seems to be for legitimate reasons. Id.
¶12 Regarding the first motion for a continuance, Peplinski does not demonstrate why the completion of law enforcement investigations unrelated to the disorderly conduct citation was pertinent to his right to adequate representation. Accordingly, there is no indication that the request for a delay was for a legitimate reason. Additionally, the letter to Peplinski from the Jackson County Citation Clerk indicated that the offense at issue had occurred in July and Peplinski himself had demanded a speedy trial. I conclude that the circuit court properly exercised its discretion by considering the factors relevant to granting a continuance and weighing the reason for Peplinski's request against the public interest in the prompt and efficient administration of justice.
¶13 Regarding the second motion for a continuance, the circuit court based its denial of that motion on the fact that this case involved a noncriminal civil forfeiture, and the public defender does not appoint counsel under those circumstances. Additionally, the circuit court noted that the citation for disorderly conduct had been issued five months prior and Peplinski had ample time to retain legal counsel. I conclude that the circuit court's determination properly considered the facts of record, such as the reason for Peplinski's request and the length of time which Peplinski had to secure representation. In light of those facts, the circuit court properly balanced Peplinski's need for representation against the public interest in the prompt and efficient administration of justice.
¶14 Peplinski next contends that he was denied a fair trial because the circuit court refused to allow him to introduce evidence that Mortenson had "assaulted other individuals in the same manner." Peplinski gives no coherent basis for this contention. So, this argument is not developed, and I do not consider it. See State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals will not consider undeveloped arguments).
¶15 Peplinski also asserts that he was denied a fair trial because his indigent status precluded him from subpoenaing witnesses. As is the case with all of Peplinski's arguments, this argument is undeveloped and lacks merit. Peplinski does not explain why his indigent status deprived him of his ability to subpoena witnesses, nor does he identify the witnesses whom he would have subpoenaed. It is not enough for a party to put forth a legal concept followed by a conclusory statement without explaining how the law fits with the facts of record. See State v. Jackson , 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999) ("A party must do more than simply toss a bunch of concepts into the air with the hope that either the trial court or the opposing party will arrange them into viable and fact-supported legal theories."); see also Pettit , 171 Wis. 2d at 646-47 (court of appeals will not consider undeveloped arguments).
¶16 Peplinski additionally claims that the circuit court erroneously exercised its discretion by denying his motion for reconsideration. This court reviews a circuit court's decision to grant or deny a motion for reconsideration under the erroneous exercise of discretion standard. Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd. , 2004 WI App 129, ¶6, 275 Wis. 2d 397, 685 N.W.2d 853.
¶17 In his motion for reconsideration, Peplinski alleged that Mortenson perjured himself while testifying. The circuit court denied Peplinski's motion, stating that he had failed to provide any proof of this allegation and failed to demonstrate any likelihood that the verdict would have been in his favor but for Mortenson's testimony. I conclude that the circuit court properly exercised its discretion in denying Peplinski's motion. As I have already noted, the record before this court does not contain the jury trial transcript. "[W]hen an appeal is brought on a partial transcript, the scope of the review is necessarily confined to the record before the court." Austin v. Ford Motor Co. , 86 Wis. 2d 628, 641, 273 N.W.2d 233 (1979). In the absence of a transcript, "the court will assume ... that every fact essential to sustain the trial judge's exercise of discretion is supported by the record." Id. Accordingly, I assume that the circuit court's denial of Peplinski's motion for reconsideration is supported by the record.
¶18 Additionally, in his briefing in this court, Peplinski has not identified what portion of Mortenson's testimony was false. See State v. McMorris , 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322 (court of appeals may choose not to consider arguments that lack proper citations to the record). Moreover, even if Peplinski had included a transcript and developed this argument, I would reject it because the argument goes to the issue of Mortenson's credibility. See Staehler v. Beuthin , 206 Wis. 2d 610, 617, 557 N.W.2d 487 (Ct. App. 1996) ("Matters of weight and credibility are left to the jury ....").
¶19 Lastly, Peplinski claims that Mortenson's alleged perjury and other unidentified claims have not been investigated by the Sheriff's Department. Peplinski does not support his claims with citations to the record. See McMorris , 306 Wis. 2d 79, ¶30 (court of appeals may choose not to consider arguments that lack proper citations to the record). Further, it is not within the purview of this court to order law enforcement personnel to investigate unsubstantiated allegations made by a defendant.
¶20 In sum, Peplinski's arguments are either fatally undeveloped or lack any discernible merit. Accordingly, I affirm the judgment of conviction and the order denying Peplinski's motion for reconsideration.
CONCLUSION
¶21 For the foregoing reasons, I affirm the judgment of conviction and the order denying Peplinski's motion for reconsideration.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(g) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The record in this case does not include a transcript of the jury trial.